COMMONWEALTH of Pennsylvania,

v.

Nechama KAUFMAN, Appellant.

Superior Court of Pennsylvania.

Submitted Feb. 17, 2004.

Filed May 3, 2004.

James J. Musial, Ben Salem, for appellant.

Scott A. MacNair, Asst. Dist. Atty., Doylestown, for Com., appellee.

Before: DEL SOLE, P.J., FORD ELLIOTT and MONTEMURO,* JJ.

FORD ELLIOTT, J.

¶ 1 On October 21, 2002, Nechama Kaufman received a citation for driving 55.2 miles per hour in a 35–miles–per–hour zone in Lower Southampton Township, Bucks County, Pennsylvania. Appellant appealed from her summary conviction and a trial *de novo* was held on April 11, 2003. Appellant was found guilty of speeding, 75 Pa.C.S.A. § 3362(a)(2); thereafter, she instituted the present appeal.

 ¶ 2 The sole issue raised by appellant is:

Did the trial [c]ourt err in denying [appellant's] Motion for Judgment of Acquittal on [appellant's] summary traffic charge of speeding, where the Motion

* Retired Justice assigned to Superior Court.

was based on the Commonwealth's failure to present evidence, independent of the Certificate of Accuracy for the speed-timing device itself, that it was certified as accurate *by a testing station that was appointed by the Department of Transportation?*

Appellant's brief at 7 (emphasis in original). In other words, appellant questions whether the Commonwealth sustained its burden of proof as it failed to demonstrate that the testing station was appointed by the Pennsylvania Department of Transportation as required by 75 Pa.C.S.A. § 3368(d).

¶ 3 We begin by noting our standard of review. Where the trial court has heard a case *de novo,* we must determine whether the findings of fact are supported by competent evidence or any error of law has occurred. *Commonwealth v. Gussey,* 319 Pa.Super. 398, 466 A.2d 219, 221 (1983) (citations omitted). We further recognize that the question raised by appellant presents a challenge to the sufficiency of the Commonwealth's evidence. When considering a challenge to the sufficiency of the evidence, this court must view the evidence presented in a light most favorable to the Commonwealth, the verdict winner, and draw all reasonable inferences therefrom. *Commonwealth v. Ketterer,* 725 A.2d 801, 803 (Pa.Super.1999). We must then determine whether the evidence was sufficient to permit the fact-finder to conclude that each and every element of the crimes charged was proven beyond a reasonable doubt. *Id.* Any question of doubt is for the fact-finder, unless the evidence is so weak and inconclusive that as a matter of law no probability of fact can be drawn from the combined circumstances. *Id.* at 804.

¶ 4 To sustain a conviction for speeding, the Commonwealth must show beyond a reasonable doubt that: (1) an accused was driving in excess of the speed limit; (2) the speed timing device used by the officer was approved by the Department of Transportation; and (3) the device was calibrated and tested for accuracy within the prescribed time period by a station which has been approved by the department. 75 Pa.C.S.A. § 3362(a) and § 3368(a)-(e); *Commonwealth v. Kittelberger,* 420 Pa.Super. 104, 616 A.2d 1, 3 (1992). As appellant only disputes the Commonwealth's proof regarding the approval of the testing station, we will focus our analysis on this element.

¶ 5 This court previously set forth the requirements of § 3368(d) in *Commonwealth v. Gernsheimer,* 276 Pa.Super. 418, 419 A.2d 528 (1980):

[I]n prosecuting speeding cases where a radar or other electronic device is used to calibrate a defendant's speed that in order to introduce the results of such into evidence the Commonwealth must offer a *Certificate, certified by the Secretary of Transportation or his designee certifying the agency which performs the tests on the device as an official testing station,* **and** *must introduce a Certificate of Electronic Device (radar) Accuracy into evidence.* The Certificate of Electronic Device (radar) Accuracy must be signed by the person who performed the tests and the engineer in charge of the testing station, must show that the device was accurate when tested by stating the various speeds at which it was tested and the results thereof, and must show, on its face, that the particular device was tested within sixty (60) days of the date it was used to calibrate the particular defendant's speed.

*Id.* at 423–24, 419 A.2d at 530 (emphasis added).

¶ 6 At the trial *de novo,* the Commonwealth presented testimony by Officer Christopher Koehnlein and Officer William

Schmidt of the Lower Southampton Township Police Department. Officer Koehnlein testified that he is trained in the use of Acutrak, and the Commonwealth presented a certificate of his training as Exhibit 1. (Notes of testimony, 4/11/03 at 3–5.) Officer Koehnlein testified that on October 21, 2002, he was conducting surveillance of vehicles for speed and was operating a Robic Acutrak.

¶ 7 The Commonwealth then presented a certificate of accuracy, Exhibit 2, regarding the device. (*Id.* at 5–7.) The Commonwealth asked the court to take judicial notice of "Pennsylvania Bulletin, Volume 32, Number 52, dated December 28, 2002, which does indicate that Acutrak is an approved state speed timing device." (*Id.* at 7.) The Commonwealth, however, failed to demonstrate that the testing station which determined the accuracy of the Acutrak device was also approved by the Department of Transportation. In particular, the Commonwealth did not ask the trial court to take judicial notice of the Bulletin for this purpose. At the close of the evidence, appellant made a motion for judgment of acquittal based on the Commonwealth's failure to present such evidence.[1] The trial court denied the motion.

¶ 8 We agree with appellant that the evidence is insufficient as the trial transcript is devoid of any indication that the radar testing station that performed the accuracy and calibration tests had been approved by the Pennsylvania Department of Transportation. Rather, the Commonwealth only provided that the radar unit used was of a type approved by the Secretary of Transportation by seeking judicial notice of the contents of the Pennsylvania Bulletin.

¶ 9 Appellant relies upon *Commonwealth v. Denny*, 372 Pa.Super. 317, 539

A.2d 814 (1987), wherein the Commonwealth also introduced a certificate of accuracy but failed to introduce evidence that the issuer of this certificate was a testing station approved by the Department of Transportation at the time it tested the device at issue. The *Denny* court concluded:

in order for results of a radar device to be properly admissible at trial, the Commonwealth must offer evidence, *independent of the certificate of accuracy*, to show that the testing facility has been appointed by the Department of Transportation as an official testing station pursuant to the statutory requirements in the Vehicle Code. This independent evidence may consist of either a separate document from the Secretary of Transportation under seal or a citation to the Pennsylvania Bulletin which lists the station as an official testing station.

*Id.* at 816 (emphasis added).

¶ 10 Both the trial court and the Commonwealth argue that *Denny* is inapplicable, as the issue in *Denny* was the admissibility of the certificate; and instantly, appellant failed to timely object to the admission of the certificate of accuracy. We disagree with this theory. Again, *Denny* clearly holds that evidence independent of the certificate itself is necessary to prove that the testing station had been approved by the Department. *Id.* There was no need for appellant to object that the certificate of accuracy was not enough to prove the Commonwealth's burden; rather, it was the Commonwealth's duty to provide this evidence.

¶ 11 We find our panel's decision in *Kittelberger, supra*, to be instructive. *Kittelberger* clearly established the Commonwealth's burden of proof in a speeding prosecution: the accused was driving in

---

1. We recognize that the court reporter did not record the defense's motion for judgment of acquittal in the notes of testimony; thus, the

Commonwealth and defense counsel executed a stipulation to correct this omission from the record. *See* Pa.R.App.P.1926, 42 Pa.C.S.A.

excess of the speed limit; the speed timing device used was approved by the Department; and the device was calibrated and tested for accuracy within the prescribed time period by a station which has been approved by the department. *Id.* at 3. While the *Kittelberger* court found the issue of the testing station certification waived, the court stated in a footnote that it agreed with the analysis that the Commonwealth's evidence regarding the department's approval of the testing station was insufficient as the trial transcript "is devoid of any indication that the station which performed the accuracy and calibration tests had been approved by the Pennsylvania Department of Transportation." *Id.* at 3, n. 6. We agree with *Kittelberger*'s analysis and find that the instant evidence was insufficient on this basis.

¶ 12 Further, it is of no moment that "the Commonwealth *could have* cited the ... Pennsylvania Bulletin for the purpose of establishing the testing station was appointed by the Department of Transportation." (Trial court opinion, 11/25/03 at 2 (emphasis added).) The Commonwealth did not seek judicial notice of the Bulletin for this purpose, and this was the reason for appellant's motion for judgment of acquittal. In *Kittelberger*, the court held that the Commonwealth failed to meet its burden as to the second requirement when the prosecution did not request the trial court to take judicial notice of the fact that the approval appeared in the Pennsylvania Bulletin. It was of no import that the approval was actually published, as the court could not take judicial notice of something that was neither noticed below nor supported by the evidence. *Kittelberger, supra* at 6. There must be at least some reference to the authoritative source for the court to take judicial notice. *Id.; see also Denny, supra.*

¶ 13 As the Commonwealth failed to sustain its burden, we find that the trial court erred in denying appellant's motion for judgment of acquittal. Order entering judgment of sentence vacated and judgment of acquittal is granted.