J. S42045/15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA,   :     IN THE SUPERIOR COURT OF
                                 :             PENNSYLVANIA
               Appellee    :
                                 :
          v.               :
                                 :
JAMES C. BABB,               :
                               :
             Appellant    :     No. 3594 EDA 2014

Appeal from the Judgment of Sentence December 4, 2014
In the Court of Common Pleas of Montgomery County
Criminal Division No(s).: CP-46-SA-0000588-2014

BEFORE: SHOGAN, MUNDY, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:          **FILED JULY 14, 2015**

Appellant, James C. Babb, appeals *pro se* from the judgment of sentence entered in the Montgomery County Court of Common Pleas following his conviction of failing to stop at a stop sign[1] and fine of $25.00 plus court costs. Appellant contends the Vehicle Code requires an engineering and traffic investigation to justify a multiway stop and the court erred in refusing to enforce a subpoena he served on the township. We affirm.

We glean the facts from the notes of testimony from the trial *de novo*. Officer Zack Wise, of the Lower Providence Township Police Department,

---

[*] Former Justice specially assigned to the Superior Court.

[1] 75 Pa.C.S. § 3323(b).

testified that he made a traffic stop for a stop sign violation on April 16, 2014. N.T., 12/4/14, at 4, 5. He was "sitting at Pinetree Drive watching a four-way stop sign at Pinetree Drive and Pinetown road. [He] stopped a silver Honda Odyssey on Pinetree Road at Brenda Lane." *Id.* at 5. The officer identified Appellant as the individual who was in the vehicle. *Id.* at 6. He "advised [Appellant] of the reason of the stop after first receiving his license, registration, insurance. Again, [Officer Wise] identified him as the owner of the vehicle . . . ." *Id.* at 6. He observed Appellant go through the stop sign. *Id.* at 10.

Appellant advised the court he had a subpoena for the township records officer, Denise Walsh. *Id.* at 11. He had requested certain documents from the township. *Id.* as 12. He stated to the court:

> The documents that I requested from the township are the traffic studies, ordinances, and correspondence with Pennsylvania Department of Transportation regarding the intersection of Pinetown Road and Brenda Lane, meeting minutes for the meeting where ordinances related to the intersection of Pinetown Road and Brenda Lane were enacted, and for the 12 months preceding the enactment of those ordinances.

*Id.* Appellant introduced into evidence a letter from the Lower Providence Township dated May 14, 2014.[2] *Id.* at 17. Appellant argued the stop sign

---

[2] The letter stated as follows:

> Thank you for contacting Lower Providence Township with your Request for Information pursuant to the Pennsylvania Right to Know Law. On May 7, 2014, the Township

did not meet the requirements of "Title 75, Section 6109, Paragraph (e)."
*Id.* at 13. He stated that in response to his request for "a copy of the required investigation from the township [he] was informed there is none." *Id.* Appellant argued the "township has failed to perform the required study by law and therefore cannot enforce this stop sign." *Id.* at 18.

Judgment of sentence was entered on December 4, 2014. This timely appeal followed. Appellant filed a timely court-ordered Pa.R.A.P. 1925(b) statement of errors complained of on appeal[3] and the trial court filed a responsive opinion. Appellant raises the following issues for our review:

---

received your request for "all engineering and traffic investigations related to the stop signs at the intersection of Pinetown Road and Brenda Lane."

No record exists in response to the information requested. You have a right to appeal this response in writing to Terry Mutchler, Executive Director, Office of Open Records, Commonwealth Keystone Building, 400 North Street, 4th Floor, Harrisburg, PA 17120. If you choose to file an appeal you must do so within 15 business days of the mailing date of the agency's response.

Appellant's Unmarked Ex.. The letter was signed by Denise Walsh, Opens Records Officer. *Id.* There is no evidence in the record that Appellant took an appeal. We note the letter was dated May 14, 2014, and the trial *de novo* did not take place until December 4th.

[3] Appellant raised an additional issue in his Rule 1925(b) statement denominated as "Procedural Errors." Pa.R.A.P. 1925(b) Statement of Errors Complained of on Appeal, 1/21/14, at 1. He claimed the judge was acting as a prosecutor. *Id.* This issue is not identified in the statement of questions presented section of his brief or developed in the argument section of his brief. Therefore, the issue is abandoned on appeal. *See Commonwealth v. Dunphy*, 20 A.3d 1215, 1218 (Pa. Super. 2011).

1. Does the Vehicle Code and specifically 75 Pa.C.S.A. § 6109(e) along with the associated regulations promulgated by the department require an engineering and traffic investigation to justify a multiway stop that was established after the Vehicle Code of 1976 was published?

2. Did the trial court err when it refused to enforce the subpoena [Appellant] served upon the township requesting documents relevant to establishing the legality of the multiway stop?

Appellant's Brief at 4.

First, Appellant contends Section 6109(e)[4] of the Vehicle Code required an engineering and traffic investigation to justify a multiway stop. He argues the Pennsylvania Code, specifically, Subsection 212.106(c), and The Manual of Uniform Traffic Control Devices ("MUTCD")[5] outline the restrictions that apply to the use of multiway stop signs. Appellant's Brief at 9-10. He claims Section 6109(e) along with the aforementioned regulations require an engineering and traffic investigation to establish a multiway stop. *Id.* at 11.

---

[4] This section provides:

> **(e) Engineering and traffic investigation required.**—Action by local authorities under this section shall be taken only after completing an engineering and traffic investigation when and in such manner as required by regulations promulgated by the department. No engineering and traffic investigation is required to establish a speed limit under section 3362(a)(1.2) (relating to maximum speed limits).

75 Pa.C.S. § 6109(e).

[5] We note Appellant did not argue these regulations before the trial court.

Our review is governed by the following principle: "Where the trial court has heard a case *de novo*, we must determine whether the findings of fact are supported by competent evidence or any error of law has occurred." *Commonwealth v. Kaufman*, 849 A.2d 1258, 1259 (Pa. Super. 2004).

In the case *sub judice*, the trial court opined:

> [A]ppellant presented no contrary testimony at trial, and raises no challenge on appeal, to Lower Providence Township Zachary Wise's testimony that on April 6, 2014 he observed and cited [A]ppellant for the stop sign violation.
>
> [A]ppellant's argument, predicated on 6109(e), Engineering and Traffic Investigation Required— is meritless. 75 Pa.C.S. [ ] § 3323(b)[6] contains no

---

[6] Section 3323(b) provides:

> **(b) Duties at stop signs.**—Except when directed to proceed by a police officer or appropriately attired persons authorized to direct, control or regulate traffic, **every driver of a vehicle approaching a stop sign shall stop** at a clearly marked stop line or, if no stop line is present, before entering a crosswalk on the near side of the intersection or, if no crosswalk is present, then at the point nearest the intersecting roadway where the driver has a clear view of approaching traffic on the intersecting roadway before entering. If, after stopping at a crosswalk or clearly marked stop line, a driver does not have a clear view of approaching traffic, the driver shall, after yielding the right-of-way to any pedestrian in the crosswalk, slowly pull forward from the stopped position to a point where the driver has a clear view of approaching traffic. The driver shall yield the right-of-way to any vehicle in the intersection or approaching on another roadway so closely as to constitute a hazard during the time when the driver is moving across or within the intersection or junction of roadways and enter the intersection when it is safe to do so.

provision that requires the Commonwealth to prove that the stop sign at issue was reasonably and properly placed at the intersection. It clearly and simply requires every driver to stop before proceeding through a stop sign. The Commonwealth has no burden to prove that the placement of the stop sign was proper; it is not an element of the offense.

\* \* \*

[Appellant] failed to rebut the statutory presumption that the township acted reasonably in the placement of the stop sign. 75 Pa.C.S. § 6109(a)[7] . . . .

---

75 Pa.C.S. 3323(b) (emphasis added).

[7] The statute enumerates presumed exercises of police power in pertinent part as follows:

**(a) Enumeration of police powers.—The provisions of this title shall not be deemed to prevent** the department on State-designated highways and **local authorities on streets or highways within their physical boundaries from the reasonable exercise of their police powers**. The following are presumed to be reasonable exercises of police power:

\* \* \*

(6) Designating any highway as a through highway or **designating any intersection** or junction of roadways as **a stop** or yield **intersection** or junction.

75 Pa.C.S. § 6109(a)(6) (emphases added). It is well-established that

[o]ur General Assembly has established certain presumptions to guide the courts in interpreting statutory enactments, including presumptions that the legislature "does not intend a result that is absurd, impossible of execution or unreasonable" and "intends the entire statute to be effective and certain." 1 Pa.C.S. § 1922. In

* * *

[The trial court] note[d] further that 75 Pa.C.S.[ ] §6124[8] authorizes local authorities to erect and maintain stop signs at intersections under their jurisdiction.

* * *

The Commonwealth was entitled to the presumption that the placement of the stop sign at issue was reasonable and authorized. [Appellant] offered no evidence that the stop sign was non-conforming or was not placed by the official act or direction of lawful authority and therefore his argument must fail.

Trial Ct. Op., 2/6/15, at 3-4 (some citations omitted). We agree no relief is due. We discern no abuse of discretion or error of law. *See* 75 Pa.C.S. § 3323(b); 75 Pa.C.S. § 6109(a)(6); *Kaufman*, 849 A.2d at 1259.

Lastly, Appellant contends the court erred in refusing to enforce the subpoena he served on the township requesting documents that would

---

accordance with Section 1922, we will not interpret a statute in such a way as to render it meaningless.

*McGrory v. Com., Dept. of Transp.*, 915 A.2d 1155, 1160 (Pa. 2007).

[8] The statute provides:

The department on State-designated highways, including intersections with local highways, and **local authorities** on intersections of highways under their jurisdiction **may erect and maintain stop signs**, yield signs or other official traffic-control devices to designate through highways or to designate intersections at which vehicular traffic on one or more of the roadways should yield or stop and yield before entering the intersection.

75 Pa.C.S. § 6124 (emphasis added).

establish that the multiway stop sign was not compliant with the law. Appellant's Brief at 12. Appellant avers the court "dismissed [his] arguments as meritless and elected not to enforce the subpoena that would have established [his] case." *Id.* at 16.

As a prefatory matter, we consider whether Appellant has waived this issue on appeal. At trial, Appellant advised the court that he had a subpoena for a witness that was not in the courtroom. The record reveals the following regarding this issue.

> [Appellant]: . . . First, I have a subpoena for a witness that I do not see is here. I subpoenaed the records officer from the township, Denise Walsh.
>
> Can I give you a copy of the subpoena?
>
> \* \* \*
>
> Now, **I'd like to try to proceed without the witness**, but I don't know if you would be willing to accept her letter as evidence.
>
> But we may need the witness to be here, and I may need to ask you to enforce the subpoena.
>
> The Court: Let me see the letter.
>
> But now do you have questions of the [police] officer with respect to the substance of what he said?
>
> Do you have questions of the officer?

N.T. at 11, 14. Appellant proceeded to cross-examine the police officer. At the conclusion of his cross-examination, Appellant stated:

> I would like to introduce this letter as evidence.

Will you accept this letter as evidence?

The Court:  Sure.

— — —

(Unmarked letter from Lower Providence Township dated 5-14-14 was received in evidence.)

— — —

[Appellant]: Okay.

The Court: Sure.

Do you wish to present evidence?

Any other testimony?

[Appellant]: Not at this time, no.

The Court: All right.

Any argument? Do you have argument?

[Appellant]: Well, my argument is that the township has failed to perform the required study by law and therefore cannot enforce this stop sign.

The Court: I find you guilty of this citation.  You're sentenced to pay a fine of $25, plus the court costs.

You have 30 days in which to appeal to the Superior Court of Pennsylvania.

Wait for a copy of the order.

[Appellant]: I would like to object to that.

The Court: Sir, wait for a copy of the order.  The [c]ourt has ruled.  You have the right of appeal within 30 days to the Superior Court.

N.T. at 11, 17-19.

Appellant did not ask the trial court to enforce the subpoena. "Issues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a); *accord Commonwealth v. Wholaver*, 989 A.2d 883, 892 (Pa. 2010). Therefore, this issue is waived. *See* Pa.R.A.P. 302(a); *Wholaver*, 989 A.2d at 892.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/14/2015