J-S36005-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| THOMAS M. MCCHESNEY | |
| Appellant | No. 951 WDA 2014 |

Appeal from the Judgment of Sentence May 1, 2014
In the Court of Common Pleas of Greene County
Criminal Division at No(s): CP-30-CR-0000378-2013

BEFORE: PANELLA, J., JENKINS, J., and STRASSBURGER, J.[*]

MEMORANDUM BY PANELLA, J.                    **FILED JULY 21, 2015**

Appellant, Thomas M. McChesney, appeals from the judgment of sentence entered in the Court of Common Pleas of Greene County after he was convicted on charges of driving under the influence of alcohol. McChesney argues that the trial court erred in finding that the breath testing device used to measure his blood alcohol content ("BAC") was an accepted device. We disagree and affirm.

In the early evening of September 2, 2013, McChesney was pulled over for driving through a stop sign without coming to a complete stop. The Pennsylvania State Trooper who initiated the stop noticed indications of alcohol intoxication, and administered a preliminary breath test as well as a

_____

[*] Retired Senior Judge assigned to the Superior Court.

horizontal gaze nystagmus test. Based upon the results of these tests, the Trooper placed McChesney under arrest and transported him to the barracks for further testing.

At the barracks, the Trooper administered a breath test with a device known as a "DataMaster DMT." This test indicated that McChesney's BAC was 0.144. As a result, the Trooper filed charges of driving under the influence of alcohol (high rate), driving under the influence of alcohol (incapable of safe driving), and failure to stop at a stop sign.

McChesney filed a motion to suppress, arguing that the stop initiated by the Trooper was invalid. After a hearing, the trial court denied the motion.

The case proceeded to a non-jury trial. McChesney objected to, *inter alia*, the admission of the DataMaster DMT results, arguing that the Commonwealth had not supplied the necessary foundation. The trial court overruled McChesney's objection, and ultimately found McChesney guilty on all counts. On the same date, the trial court sentenced McChesney to a term of incarceration of 48 hours to six months. This timely appeal followed.

On appeal, McChesney raises a single issue for our review. McChesney argues that the Commonwealth failed to meet its burden of proof regarding foundation for the admission of his BAC. Specifically, McChesney contends that the Commonwealth failed to present sufficient evidence that the DataMaster DMT was "approved equipment" for determining BAC.

While McChesney styles this argument as a challenge to an evidentiary ruling, we conclude that his arguments are more properly classified as a challenge to the sufficiency of the evidence supporting his conviction. We address McChesney's argument by first noting our standard of review. When reviewing a non-jury trial, we review the record to ensure the findings of fact are supported by competent evidence and that the trial court did not commit an error of law. *See Commonwealth v. Kaufman*, 849 A.2d 1258, 1259 (Pa. Super. 2004).

> When considering a challenge to the sufficiency of the evidence, this court must view the evidence in a light most favorable to the Commonwealth, the verdict winner, and draw all reasonable inferences therefrom. We must then determine whether the evidence was sufficient to permit the fact-finder to conclude that each and every element of the crimes charged was proven beyond a reasonable doubt. Any question of doubt is for the fact-finder, unless the evidence is so weak and inconclusive that as a matter of law no probability of fact can be drawn from the combined circumstances.

*Id*. (internal citations omitted).

Here, McChesney challenges his conviction for driving under the influence of alcohol (high rate), 75 Pa.C.S.A. § 3802(b). Section 3802(b) provides that a person may not operate a motor vehicle if he or she is under the influence of alcohol such that the person's BAC is at least 0.10% but less than 0.16% within two hours after the person has operated the vehicle. *See* 75 Pa.C.S.A. § 3802(b). An operator's BAC can be measured for purposes of Section 3802 through the use of "approved equipment" operated by "qualified persons." 75 Pa.C.S.A. § 1547(c). "Approved equipment" are

devices certified through regulations promulgated by the Department of Health and the Department of Transportation. ***See*** 75 Pa.C.S.A. § 1547(c)(1). Devices so certified are listed at least annually in the Pennsylvania Bulletin. ***See***, ***e.g.***, 45 Pa.B. 79.

During the direct examination of the Trooper who arrested McChesney, the following relevant exchange occurred:

> Q:    How long of a trip is it from this place where you encountered Mr. McChesney to the Pennsylvania State Police barracks?
>
> A:    Approximately 25 to 30 minutes.
>
> Q:    Okay.  And are you a certified breath test instrument operator?
>
> A:    Yes, ma'am.
>
> Q:    And let me ask you this:  What type of instrument do they have available at the Pennsylvania State Police barracks?
>
> A:    The DataMaster, ma'am.
>
> Q:    And is that an instrument approved for – a breath testing device approved for determining blood alcohol content in Pennsylvania?
>
> A:    Yes, ma'am.
>
> Q:    And, I don't know.  I have the Pennsylvania Bulletin here.
>
> > [Prosecutor:]    I don't know if the Court wishes to take judicial notice, or if counsel wishes to see the copy of the Pennsylvania Bulletin regarding this particular device or –
> >
> > THE COURT:    Well, the officer has testified that it's been accepted.

[Prosecutor:]      -- if there's any challenge to the approval of this device.

[Def. Counsel:]   Well, I think the evidence has to be that it is an approved device.  I think the officer can determine that it's approved.[1]

[Prosecutor:]      All right.  I have with me printed out a copy of the Pennsylvania Bulletin, Document No. 1442.  I note on page 11 of 13 – and I don't have an extra copy of this, but I can certainly show it to [defense counsel] and provide to the Court, that it lists the DataMaster DMT as approved.

THE COURT:      Well, do you want to show [defense counsel?]

[Def. Counsel:]   We would object, Your Honor.

THE COURT:      Based on?

[Def. Counsel:]   This is a list of approved devices as of January 4, 2014.  This event occurred in 2013.

[Prosecutor:]      If the Court wishes for me to take a recess, I can access the previous Pennsylvania Bulletin. I'd certainly do that if the Court wishes me to do so.

THE COURT:      No.  We'll accept it.  The objection is overruled.

N.T., Trial, 4/30/14, at 18-20.

_____

[1] The Commonwealth notes in its brief that McChesney filed a motion for correction of the record with respect to this response in the transcript.  The Commonwealth further observes that trial court ordered the court reporter to review the transcript and provide defense counsel an opportunity to listen to the recording.  "The Commonwealth knows of no subsequent correction or modification to the record."  Appellee's Brief, at 3, n.4.  In any event, we find this statement by defense counsel to be of little significance, given defense counsel's objection shortly thereafter.

- 5 -

McChesney argues that the Commonwealth never requested the trial court take judicial notice of the approved status of the DataMaster DMT through the Pennsylvania Bulletin. We conclude that while the prosecutor never explicitly requested the trial court take judicial notice, she did reference judicial notice before presenting the Pennsylvania Bulletin to the court. Furthermore, when the trial court overruled defense counsel's objection, it ruled that the relevant Pennsylvania Bulletin was being admitted as evidence. Once the Bulletin was admitted into evidence, the trial court was required to take judicial notice of it. *See* 45 Pa.C.S.A. § 506.

In the alternative, McChesney argues that since the Commonwealth presented the list of approved devices published in 2014, it could not support a finding that the DataMaster DMT was an approved device at the time of his arrest. However, this Court has rejected a similar argument under a previous version of 75 Pa.C.S.A. § 1547(c). *See Commonwealth v. Hess*, 503 A.2d 448, 449 (Pa. Super. 1986) (conditions for admissibility of BAC contained in 75 Pa.C.S.A. § 1547(c) must be satisfied at time of trial, not at the time of testing).[2] We thus conclude that McChesney's challenge on appeal merits no relief.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judge Strassburger joins the memorandum.

_____

[2] We note that in any event, the DataMaster DMT was an approved device in 2013. *See* 43 Pa.B. 72.

Judge Jenkins concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/21/2015