J-E01005-18

2019 PA Super 1

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellant | |
| v. | |
| TRAVELLE JOHNSON | |
| Appellee | No. 907 MDA 2016 |

Appeal from the Order Entered May 6, 2016
In the Court of Common Pleas of York County
Criminal Division at No: CP-67-CR-0000454-2016

BEFORE:  BENDER, P.J.E., PANELLA, SHOGAN, LAZARUS, OLSON, STABILE, DUBOW, KUNSELMAN, and MURRAY, JJ.

OPINION BY STABILE, J.:                    **FILED: JANUARY 3, 2019**

The Commonwealth appeals from the May 6, 2016 order granting the motion of Appellee, Travelle Johnson, to suppress evidence.  We reverse and remand.

On November 5, 2015, Pennsylvania State Police Trooper Jason Kaczor followed Appellee's vehicle for a span of five miles on Interstate 83 in York County.  Trooper Kaczor stopped Appellee because he believed he observed Appellee's vehicle cross the fog line multiple times.  Dash cam video from Trooper Kaczor's police cruiser failed to confirm that Appellee crossed the fog line.  Additionally, Trooper Kaczor used his vehicle's speedometer to clock Appellee at 70 miles per hour in a 55-mile-per-hour zone over a span of four miles, in violation of 75 Pa.C.S.A. § 3362(a)(2).

Appellee's vehicle contained a quantity marijuana, including a partially burned cigar and several unburned cigars. The Commonwealth charged Appellee with, among other things, possession of a small amount of marijuana for personal use, possession of drug paraphernalia, and driving under the influence of a controlled substance.[1] After the trial court granted Appellee's motion to suppress the drugs and paraphernalia because of an unlawful vehicle stop, the Commonwealth filed a timely appeal.[2] A three-judge panel of this court affirmed the order on August 2, 2017. Subsequently, we granted reargument *en banc* and withdrew the prior memorandum. The Commonwealth presents the following questions:

1. Did the lower court err in granting [Appellee's] motion to suppress when the trooper had probable cause to effectuate a traffic stop where uncontradicted evidence showed that the trooper clocked [Appellee] driving at a rate of speed of 70 miles per hour in a 55 mile per hour zone and the trial court credited this evidence?

2. Did sufficient probable cause exist to arrest [Appellee] for DUI where the trooper smelled burnt marijuana emanating from [Appellee's] car, [Appellee] was the sole occupant of the vehicle, and [Appellee] displayed other classic indicia of impairment?

Commonwealth's Brief at 4.

---

[1] 35 P.S. § 780-113(a)(31)(i) and (32), 75 Pa.C.S.A. § 3802(d)(1)(i).

[2] The Rules of Appellate Procedure permit the Commonwealth to take an interlocutory appeal as of right when the Commonwealth certifies that the order will "terminate or substantially handicap the prosecution." Pa.R.A.P. 311(d)

On review from an order suppressing evidence, we "consider only the evidence from the defendant's witnesses together with the evidence of the prosecution that, when read in the context of the entire record, remains uncontradicted." *Commonwealth v. Miller*, 56 A.3d 1276, 1278-79 (Pa. Super 2012), *appeal denied*, 70 A.3d 810 (Pa. 2013). As we already noted uncontradicted evidence indicates that Trooper Kaczor observed Appellee's vehicle travelling 70 miles per hour in a 55 mile-per-hour zone. Trooper Kaczor therefore had probable cause to stop Appellee for speeding.[3]

Trooper Kaczor testified that he stopped Appellee for crossing the fog line, not for speeding. The trial court found the stop to be unlawful because: (1) Trooper Kaczor testified that he stopped Appellee for swerving, (2) the officer's account of the swerving was not credible, and 3) the fact the officer did not activate his lights to initiate the stop led the trial court to conclude that speeding was not the legal basis for the stop. Trial Court Opinion, 5/6/16, at 4-5. For the reasons that follow, we conclude the trial court erred in

---

[3] An officer needs probable cause in order to stop a vehicle for speeding. *See* *Commonwealth v. Salter*, 121 A.3d 987, 993 (Pa. Super. 2015) ("If a vehicle is stopped for speeding, the officer must possess probable cause to stop the vehicle. This is so because when a vehicle is stopped, nothing more can be determined as to the speed of the vehicle[.]"). Probable cause exists "when the facts and circumstances within the police officer's knowledge and of which the officer has reasonably trustworthy information are sufficient in themselves to warrant a person of reasonable caution in the belief that an offense has been committed." *Id.* at 996–97.

deciding the suppression motion based on what it perceived to be Trooper Kaczor's subjective reason for effecting the vehicle stop.

The proper analysis, when considering whether a police officer's actions violated the Fourth Amendment to the United States Constitution, is an objective one. In **Brigham City Utah v. Stuart**, 547 U.S. 398 (2006), the United States Supreme Court held that the Utah Supreme Court erred when it "considered the officers' subjective motivations relevant" in an exigent circumstances case. **Id.** at 404. "Our cases have repeatedly rejected this approach. An action is 'reasonable' under the Fourth Amendment, regardless of the individual officer's state of mind, 'as long as the circumstances, viewed *objectively*, justify the action." **Id.** (quoting **Scott v. United States**, 436 U.S. 128, 138 (1978)) (emphasis added in **Stuart**). In **Maryland v. Macon**, 472 U.S. 463 (1985), a case assessing the validity of a seizure of obscene magazines, the Supreme Court wrote: "Whether a Fourth Amendment violation has occurred 'turns on objective assessment of the officer's actions in light of the facts and circumstances confronting him at the time' […] **and not on the officer's actual state of mind at the time the challenged action was taken**." **Id.** at 470-71 (quoting **Scott**, 436 U.S. at 136)(emphasis added).

The courts of this Commonwealth have employed the same approach. In **Commonwealth v. Martin**, 101 A.3d 706 (Pa. 2014), a warrantless arrest case, our Supreme Court wrote that "[i]n the Fourth Amendment context, 'the

fact that the officer does not have the state of mind which is hypothecated by the reasons which provide the legal justification for the officer's action does not invalidate the action taken as long as the circumstances, viewed objectively, justify that action.'" ***Id.*** at 721 (quoting ***Whren v. United States***, 517 U.S. 806, 813 (1996)), ***cert. denied***, 136 S. Ct. 201 (2015). Further:

> Fourth Amendment reasonableness is predominantly an objective inquiry. We ask whether the circumstances, viewed objectively, justify the challenged action. If so, that action was reasonable whatever the subjective intent motivating the relevant officials. **This approach recognizes that the Fourth Amendment regulates conduct rather than thoughts**….

***Id.*** (quoting ***Ashcroft v. al-Kidd***, 563 U.S. 731, 736 (2011)) (emphasis added).

Despite the foregoing, the trial court's approach was subjective rather than objective; it focused on thoughts (or perceived thoughts) rather than conduct:

> Lastly, **this Court acknowledges that [Appellee] was clocked by Trooper Kaczor traveling 70 miles per hour in a 55 mile per hour zone.** In reviewing the video recording of the vehicle stop from Trooper Kaczor's patrol car, this Court did not find evidence that Trooper Kaczor initially communicated to [Appellee] that he was being pulled over for exceeding the speed limit. The Court observed, in review of the video recording of the vehicle stop, that Trooper Kaczor followed [Appellee] for roughly five (5) miles as he travelled northbound on Interstate 83. The trooper testified that he utilized the speedometer to clock [Appellee's] vehicle at 70 miles per hour. However, **the fact that Trooper Kaczor did not activate his lights to initiate a stop shortly after observing [Appellee] exceed the speed limit, leads this Court to conclude that [Appellee] driving his vehicle in excess of the maximum lawful speed limit on**

> **Interstate 83 was not the legal basis for stopping [Appellee's] vehicle.**

Trial Court Opinion, 5/6/16, at 5 (emphasis added). Appellee's speeding violation was a valid basis for Trooper Kaczor's vehicle stop. In analyzing what it believed to be Trooper Kaczor's subjective motivation for the stop, the trial court committed a clear error of law.

Furthermore, we note the following exchange from the suppression hearing:

> THE COURT: Tell me why the trooper did not have probable cause to stop [Appellee] for speeding?
>
> [DEFENSE COUNSEL]: Well, he has to offer some kind of testimony to indicate that there was speed, and we've got no certification in court today to show that he certified it. He doesn't exactly say where three-tenths of a mile started.
>
> […]
>
> Basically, if he's going to prove that there is a speeding basis here, he at least has to have some kind of certificate saying his vehicle was qualified at the time, and he didn't have any of that, and he asked him specific questions about it, he couldn't offer anything.

N.T Suppression Hearing, 5/4/16, at 67. The prosecutor responded that certification of the speedometer's accuracy is necessary for a conviction under § 3362(a)(2), but not for probable cause to support a vehicle stop. *Id.* at 68. The trial court then took the matter under advisement. *Id.*

We observe that the Vehicle Code provides that "[t]he rate of speed of any vehicle may be timed on any highway by a police officer using a motor vehicle equipped with a speedometer. In ascertaining the speed of a vehicle

- 6 -

by the use of a speedometer, the speed shall be timed for a distance of not less than three-tenths of a mile." 75 Pa.C.S.A. § 3368(a). Speedometers must be periodically calibrated for accuracy. 75 Pa.C.S.A. § 3368(d); *Commonwealth v. Kaufman*, 849 A.2d 1258, 1259 (Pa. Super. 2004). Proof of calibration is necessary to obtain a **conviction** for speeding. *Kaufman*, 849 A.2d at 1259. The law does not require calibration to rely on a speedometer for a vehicle stop. "[C]riterion of admissibility in evidence, to prove the accused's guilt, should not be applied to the facts relied upon to show probable cause." *Commonwealth v. Weaver*, 76 A.3d 562, 567 (Pa. Super. 2013) (citing *Brinegar v. United States*, 338 U.S. 160, 172 (1949)), *affirmed*, 105 A.3d 656 (Pa. 2014). Thus, the prosecutor was correct in stating that certification of Trooper Kaczor's speedometer was unnecessary to support a stop for speeding.

In any event, the suppression hearing transcript does not reflect a finding that Trooper Kaczor's testimony as to Appellee's speeding was not credible. In its opinion, quoted above, the trial court acknowledged the fact of Appellee's speeding. Nonetheless, the trial court concluded that Trooper Kaczor stopped Appellee for swerving, not speeding. In so doing, the court erroneously disregarded objective evidence of a vehicle code violation.

Given the uncontradicted evidence that Appellee was traveling 70 miles per hour in a 55 mile-per-hour zone for roughly four miles (N.T. Suppression Hearing, 5/4/16, at 6, 12-13), and the trial court's acknowledgement of that

evidence, we conclude that Trooper Kaczor had probable cause to stop Appellee's vehicle for speeding. The trial court erred in finding that the vehicle stop was unlawful.

Next, the Commonwealth argues that Trooper Kaczor had sufficient probable cause to arrest Appellee for DUI and possession of marijuana. Given its conclusion that the vehicle stop was unlawful, the trial court had no reason to issue findings of fact or conclusions of law regarding the legality of the arrest. *See* Pa.R.Crim.P. 580(I). We decline to address this issue in the first instance.

In summary, we reverse the order granting suppression of evidence and remand for further proceedings consistent with this opinion.

Order reversed. Case remanded. Jurisdiction relinquished.

President Judge Emeritus Bender, Judge Shogan, Judge Olson, and Judge Murray join the opinion.

Judge Lazarus files a dissenting opinion in which Judge Panella, Judge Dubow, and Judge Kunselman join.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 01/03/2019

- 8 -