J-A27025-23

2024 PA Super 79

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CYNTHIA LYNN POLLICK | : | |
| | : | |
| Appellant | : | No. 626 MDA 2022 |

Appeal from the Judgment of Sentence Entered April 6, 2022
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s):  CP-40-SA-0000014-2022

BEFORE:   LAZARUS, J., NICHOLS, J., and STEVENS, P.J.E.[*]

OPINION BY NICHOLS, J.:                              **FILED: APRIL 22, 2024**

Appellant Cynthia Lynn Pollick appeals *pro se* from the judgment of sentence imposed for exceeding the maximum speed limit[1] following a summary appeal.  Appellant argues that the trial court erred in granting the Commonwealth's motion for a continuance and raises a challenge to the sufficiency of the evidence.  We affirm.

The trial court summarized the relevant facts and procedural history of this matter as follows:

> [Appellant] appealed her summary conviction [for speeding] to the Luzerne County Court of Common Pleas.
>
> A summary appeal *de novo* trial was scheduled for February 8, 2022.  On February 7, 2022, the Commonwealth filed a motion for a continuance, which was granted on the same day by the Honorable David W. Lupus, and the trial was rescheduled for April

---

[*] Former Justice specially assigned to the Superior Court.

[1] 75 Pa.C.S § 3362(a)(2).

6, 2022. On February 8, 2022, [Appellant] appeared before the undersigned [(the Honorable Joseph F. Sklarosky, Jr.)] at the time and date of the originally scheduled summary trial and made a motion to dismiss the citation. [Appellant] argued that she did not receive notice of the Commonwealth's intention to present the motion for continuance. [Judge Sklarosky] denied [Appellant's] motion.

After a summary trial was held on April 6, 2022, before the Honorable Michael T. Vough, [Appellant] was found guilty of violating 75 Pa.C.S. § 3362(a)(2), exceeding the maximum speed limit of 55 miles per hour by 23 miles per hour [on January 27, 2021].

Judge Sklarosky Opinion,[2] 5/17/22, at 1. Following the summary appeal, the trial court imposed a fine of $71.00, plus costs. **See** Judge Vough Opinion, 5/10/22, at 1 (unpaginated); **see also** N.T., 4/6/22, at 14. Appellant filed a timely notice of appeal, and both the trial court and Appellant complied with Pa.R.A.P. 1925.

Appellant argues the following issues on appeal:

1. The trial court lacked jurisdiction to grant a continuance since motions court at Luzerne County does not occur at 11:20 a.m., but rather 8:30 to 9:15 a.m. daily and the court administration never accepted the 2/7/22 11:20 am Order and changed the date of the trial from 2/8/22 10:30 am; and therefore, the trial court erred in denying Appellant's motion to dismiss charges at the *de novo* trial on 2/8/22[.]

---

[2] We note that there were two Pa.R.A.P. 1925(a) opinions filed in this matter. The first opinion was filed on May 10, 2022, by the Honorable Michael T. Vough, which addressed the April 6, 2022 *de novo* trial and conviction (Judge Vough Opinion), and the second opinion was filed on May 17, 2022, by the Honorable Joseph F. Sklarosky, Jr., which addressed the pretrial proceedings (Judge Sklarosky Opinion).

2. The Commonwealth should not receive preferential treatment since it cannot judge shop outside the time for motions court and select a judge who was a former District Attorney[.]

3. Alternatively, the trial court erred in finding [Appellant] guilty since there was no testimony about the model of the police vehicle and the tire size in compliance with 75 Pa.C.S. § 3368(b)[.]

Appellant's Brief at 14, 16, 17 (some formatting altered).[3]

"Where the trial court has heard a case *de novo*, we must determine whether the findings of fact are supported by competent evidence or any error of law has occurred." ***Commonwealth v. Kaufman***, 849 A.2d 1258, 1259 (Pa. Super. 2004) (citation omitted).

**Motion for Continuance**

Appellant first challenges the order granting the Commonwealth's motion for a continuance. ***See*** Appellant's Brief at 14. Appellant asserts that she was not given proper notice, and that the motion was a nullity and the trial court lacked jurisdiction because the motion was not filed at the designated time of day. ***See id.*** at 14-15.

---

[3] Any issues identified in Appellant's statement of questions presented that were not set forth in the argument section of Appellant's brief are deemed abandoned and, therefore, waived on appeal. ***Commonwealth v. Heggins***, 809 A.2d 908, 912 n.2 (Pa. Super. 2002). We note that despite identifying seven issues in her statement of questions presented, Appellant included only three issues in the argument section of her brief. ***See*** Pa.R.A.P. 2119(a) (stating that "[t]he argument shall be divided into as many parts as there are questions to be argued"). Although we do not condone Appellant's failure to comply with the Pennsylvania Rules of Appellate Procedure, we will address the three issues presented in the argument section.

In his opinion, Judge Sklarosky explained that the Commonwealth presented its motion for a continuance to Judge David Lupas on February 7, 2022, and that Judge Lupas granted the Commonwealth's motion and rescheduled the trial for April 6, 2022.  Appellant was not present.  **See** Judge Sklarosky Opinion at 1-2; **see also** N.T., 2/8/22, at 3-5.  However, the next day, on February 8, 2022, at the originally scheduled time for the *de novo* trial, Appellant appeared before Judge Sklarosky, and Appellant moved to dismiss the citation and argued that she did not receive notice of the Commonwealth's motion to continue the summary trial.  N.T., 2/8/22, at 3.  Judge Sklarosky noted that Judge Lupas granted the continuance, and that Judge Sklarosky was bound by the coordinate jurisdiction rule and would not disturb the order.[4]   **See** Judge Sklarosky Opinion at 1-2; **see also** N.T., 2/8/22, at 4.[5]

_____

[4] Under the "coordinate jurisdiction rule, . . . judges of coordinate jurisdiction should not overrule each other's decisions." **Commonwealth v. Smith**, 305 A.3d 1, 8 (Pa. Super. 2023) (citation omitted).  Although there are circumstances where courts may deviate from this rule, Appellant has not argued that any of those circumstances are present in this case.  **See id.** (stating departure from the coordinate jurisdiction rule has been permitted "in exceptional circumstances such as where there has been an intervening change in the controlling law, a substantial change in the facts or evidence giving rise to the dispute in the matter, or where the prior holding was clearly erroneous and would create a manifest injustice if followed" (citation omitted and formatting altered)).

[5] Appellant provides no argument that the trial court erred in its application of the coordinate jurisdiction rule.  Accordingly, the issue is waived.  **See** **Heggins**, 809 A.2d at 912 n.2.

Appellant purports to argue that she was not given notice of the motion for a continuance. Appellant's Brief at 14. However, Appellant does not develop any legal argument concerning the lack of notice for the Commonwealth's continuance request in her brief, and therefore, we conclude that this claim is waived. *See* Pa.R.A.P. 2119(a)-(b); ***Commonwealth v. Armolt***, 294 A.3d 364, 379 (Pa. 2023) (stating that "mere issue spotting without sufficient analysis or legal support precludes appellate review" (citation omitted)); ***see also Commonwealth v. Johnson***, 985 A.2d 915, 924 (Pa. 2009) (stating that "where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived" (citations omitted)).

Additionally, Appellant contends that the Commonwealth should have been precluded from seeking a continuance at 11:20 a.m., because a summary appeal form stated that motions must be presented between 8:30 and 9:15 a.m. Appellant's Brief at 14-15. However, aside from a summary appeal form, Appellant cites no binding or relevant authority supporting the assertion that the trial court lacked jurisdiction or that the Commonwealth was not permitted to make its motion before the trial court.[6] Therefore, we

---

[6] We note that in the notes of testimony, Appellant asserted that the Commonwealth was precluded from filing a motion outside the times stated on the summary appeal form, and therefore the Commonwealth's motion was not valid. *See* N.T., 2/8/22, at 5. Judge Sklarosky asked Appellant what

*(Footnote Continued Next Page)*

- 5 -

conclude that this issue is waived. **See Armolt**, 294 A.3d at 379; **Johnson**, 985 A.2d at 924. For these reasons, Appellant is not entitled to relief on her challenge to the order granting the Commonwealth's motion for a continuance.[7]

### Preferential Treatment

Appellant next contends that the Commonwealth sought a continuance from a judge who had been a Luzerne County District Attorney, and therefore, the Commonwealth was "judge shopping" and received "preferential treatment." Appellant's Brief at 16. Appellant argues "judge shopping cannot be tolerated in the judicial system at any stage." **Id.**

Upon review, we conclude that Appellant has failed to develop this argument or provide relevant legal authority supporting her position. Accordingly, we conclude that Appellant's claim that the Commonwealth engaged in judge shopping or that it sought or received preferential treatment is waived. **See Armolt**, 294 A.3d at 379; **Johnson**, 985 A.2d at 924.

---

authority she had for her argument, and Appellant was unable to state any binding authority. Appellant said: "I'm sure there's a local rule that governs." **See id.** at 6. However, Appellant has failed to cite any legal authority or develop any argument to support her position.

[7] Appellant also briefly mentions that because the Commonwealth failed to introduce any evidence at the original time scheduled for the summary trial on February 8, 2022, the trial court erred when it failed to grant Appellant's motion to dismiss. **See** Appellant's Brief at 15. We conclude that this claim is undeveloped and waived. **See Armolt**, 294 A.3d at 379; **Johnson**, 985 A.2d at 924. In any event, this claim is meritless. As discussed above, we discern no error in the trial court granting the continuance.

## Sufficiency of Evidence

Finally, Appellant challenges the sufficiency of the evidence supporting her speeding conviction. Appellant's Brief at 17-19. Appellant contends that the Commonwealth failed to sustain its burden and argues that the trial court erred in finding Appellant guilty because there was no testimony about the make and model of the police vehicle and its tire size. *Id.* at 17-18. Appellant claims that testimony regarding the testing and calibration of the speedometer was required pursuant to 75 Pa.C.S. § 3368(b). *See id.* at 18-19.

Our standard of review for a challenge to the sufficiency of the evidence is as follows:

> When considering a challenge to the sufficiency of the evidence, this court must view the evidence presented in a light most favorable to the Commonwealth, the verdict winner, and draw all reasonable inferences therefrom. We must then determine whether the evidence was sufficient to permit the fact-finder to conclude that each and every element of the crimes charged was proven beyond a reasonable doubt. Any question of doubt is for the fact-finder, unless the evidence is so weak and inconclusive that as a matter of law no probability of fact can be drawn from the combined circumstances.
>
> To sustain a conviction for speeding, the Commonwealth must show beyond a reasonable doubt that: (1) an accused was driving in excess of the speed limit; (2) the speed timing device used by the officer was approved by the Department of Transportation; and (3) the device was calibrated and tested for accuracy within the prescribed time period by a station which has been approved by the department. 75 Pa.C.S. § 3362(a) and § 3368(a)-(e); *Commonwealth v. Kittelberger*, 616 A.2d 1, 3 (Pa. Super. 1992).

*Kaufman*, 849 A.2d at 1259 (some citations omitted and formatting altered).

Regarding the use of speedometers and the calibration and testing of speed timing devices, Section 3368 provides:

**(a) Speedometers authorized.**—The rate of speed of any vehicle may be timed on any highway by a police officer using a motor vehicle equipped with a speedometer. In ascertaining the speed of a vehicle by the use of a speedometer, the speed shall be timed for a distance of not less than three-tenths of a mile.

**(b) Testing of speedometers.**—The department may appoint stations for testing speedometers and may prescribe regulations as to the manner in which the test shall be made. Speedometers shall have been tested for accuracy within a period of one year prior to the alleged violation and immediately upon change of tire size. A certificate from the station showing that the test was made, the date of the test and the degree of accuracy of the speedometer shall be competent and *prima facie* evidence of those facts in every proceeding in which a violation of this title is charged.

75 Pa.C.S. § 3368(a)-(b).

In **Kittleberger**, this Court held that the Commonwealth may establish that the speed timing device was approved by PennDOT pursuant to Section 3368(b) by asking the trial court to take judicial notice that the approval was published in the Pennsylvania Bulletin. **See Kittelberger**, 616 A.2d at 3. Further, once the Commonwealth provides this *prima facie* evidence of accuracy pursuant to 75 Pa.C.S. § 3368(b), the burden shifts to Appellant to prove that the device was inaccurate. **Commonwealth v. Smolow**, 527 A.2d 131, 134 (Pa. Super. 1987).

After review, we conclude that the evidence was sufficient to prove Appellant was guilty of speeding beyond a reasonable doubt. **See Kaufman**, 849 A.2d at 1259. The record reflects that Trooper Kyle Gruber testified that

he utilized his speedometer for three-tenths of a mile and determined that Appellant was travelling at 78 miles an hour, in excess of the speed limit of 55 miles an hour. **See** N.T., 4/6/22, at 6. The Commonwealth also asked the trial court to take judicial notice of the approval of the trooper's speedometer as a speed timing device, and the testing station's certificate of the speedometer's accuracy and calibration was admitted into evidence. **See id.** at 7-9; Judge Vough Opinion at 2 (unpaginated). The record reflects that the certificate of accuracy was from an approved testing station, and the speedometer in the trooper's vehicle had been tested for accuracy less than six months prior to Appellant's speeding violation. **See** N.T., 4/6/22, at 9; **see also** Judge Vough Opinion at 2-3 (unpaginated). Further, once the burden shifted to Appellant concerning the *prima facie* evidence of the accuracy of the speedometer pursuant to 75 Pa.C.S. § 3368(b), Appellant did not provide any evidence that the speedometer was inaccurate. **See Smolow**, 527 A.2d at 134.

Viewing the evidence in the light most favorable to the Commonwealth as verdict winner, we conclude that the Commonwealth's evidence was sufficient to sustain Appellant's conviction for speeding in violation of 75 Pa.C.S § 3362(a). **See Kaufman**, 849 A.2d at 1259; **Kittelberger**, 616 A.2d at 3. For these reasons, we affirm.

Judgment of sentence affirmed.  Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/22/2024