## Tallman, Appellant, *v.* Florey.

Argued March 8, 1955. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE, and ERVIN, JJ.

*Milton J. Kolansky,* for appellant.

*James W. Scanlon,* with him *David J. Conroy,* for appellee.

OPINION BY GUNTHER, J., July 21, 1955:

In this workmen's compensation case, decedent was injured on March 19, 1951, and died May 25, 1951. The referee made a reward in favor of the widow. The board reversed the referee, the court below affirmed the decision of the board and the widow took this appeal. There is no question that the accident occurred

in the course of employment but the issue is whether a causal connection was established between accident and death. Decedent was struck on the leg by a hammer resulting in thrombophlebitis or a blood clot in the veins of the leg. On April 21, 1951, he suffered a cerebral embolism from which he died on May 25, 1951.

Claimant offered two medical experts. Dr. Vridel treated decedent from the time of the accident until the end of March and testified that a blood clot had passed from the leg through the blood stream to the head, resulting in the fatal stroke. Dr. Brundage, who attended decedent from early April until his death, testified that death was due to cerebral embolism caused by the accident. He admitted that prior to the stroke, decedent had some degree of arteriosclerosis, and that it is impossible for a blood clot to go from the leg to the brain. The defendant called a medical expert, Dr. O'Malley, who examined decedent before death and testified that in his opinion death was due solely to a cerebral stroke and that it was impossible for a clot in the leg to circulate up to the brain.

The board accepted the opinion of defendant's doctor, especially since the attending physician, Dr. Brundage, agreed that a clot could not travel from leg to brain. As noted by the court below, Dr. Brundage believed, nevertheless, that the death was connected to the injury but gave no reason. The only medical testimony, therefore, to sustain a causal connection was that of Dr. Uridel, who held that clot could pass to the brain.

In this case where the decision of the board is against the party having the burden of proof, the claimant here, the scope of appellate review is limited to ascertaining whether the board's findings of fact are consistent with each other and with its conclusions

of law and its order and can be sustained without a capricious disregard of the competent evidence. *Gill v. Fives,* 170 Pa. Superior Ct. 564, 88 A. 2d 109. "Where the triers of the facts refuse to find facts in favor of the party having the burden of proof, the question on review is not whether competent evidence would sustain such a finding if made, but whether there was a capricious disregard of competent evidence in the refusal so to find." *Bartman v. Jones and Laughlin Steel Corp.,* 163 Pa. Superior Ct. 31, 35, 60 A. 2d 565. In light of these principles we find no error by the board. Their findings and conclusions are logical and consistent. They chose to believe the statements of two of three physicians that a clot cannot pass from leg to brain. There is no capricious disregard of competent testimony in such conclusions. "Where the medical testimony as to causal connection between an accident and the death or the disability is conflicting, and the issue is one of fact for the compensation authorities, the credibility of those qualifying as experts is not reviewable as a matter of law; credibility of the witnesses is always for the finders of fact." *Boyle v. Boyle,* 174 Pa. Superior Ct. 188, 100 A. 2d 385.

Claimant now urges that the conclusions of law are contrary to natural or scientific principles and cites portions of a medical text to prove that the testimony accepted by the board is erroneous. Claimant is asking this court to take judicial notice of a medical opinion which is certainly not a matter of common knowledge, but is a technical matter in a highly specialized field. It is therefore not within the scope of judicial notice. Since this treatise was not introduced into evidence it is not properly before us and we cannot now take notice thereof.

Judgment affirmed.