616 A.2d 1

**COMMONWEALTH of Pennsylvania**

v.

**James M. KITTELBERGER, Appellant.**

Superior Court of Pennsylvania.

Argued Aug. 25, 1992.

Filed Oct. 28, 1992.

James A. Hickey, McMurray, for appellant.

Edward M. Clark, Asst. Dist. Atty., Pittsburgh, for Com., appellee.

Before DEL SOLE, KELLY and BROSKY, JJ.

BROSKY, Judge.

This is an appeal from the judgment of sentence[1] entered following appellant's conviction for driving in excess of the speed limit.[2] The sole issue presented for our review is whether the Commonwealth sustained its burden of proving that the speed timing device utilized was of a type that had been approved by the Pennsylvania Department of Transportation (PennDoT) where the only evidence offered by the Commonwealth relating to this matter was the certificate of accuracy. For the reasons set forth below, we reverse the judgment of sentence and discharge appellant.

**1.** Appellant indicates that he is appealing from the order denying his post-trial motion in arrest of judgment. A purported appeal from an order denying post-trial motions is procedurally improper because the appeal in a criminal proceeding lies from the judgment of sentence, *i.e.*, the final order imposing sentence. *See* comments to Pa.R.Crim.P., Rules 1123 and 1410, 42 Pa.C.S.A. and *Commonwealth v. Bolden*, 472 Pa. 602, 610, 373 A.2d 90, 93 (1977). *See also Commonwealth v. Doleno*, 406 Pa.Super. 286, 288–289, 594 A.2d 341, 342 (1991); *Commonwealth v. Yetsick*, 402 Pa.Super. 615, 620–623, 587 A.2d 788, 790–792 (1991), *allocatur denied*, 529 Pa. 620, 600 A.2d 537 (1991); *Commonwealth v. Schauffler*, 397 Pa.Super. 310, 314, 580 A.2d 314, 316 (1990), *allocatur denied*, 525 Pa. 663, 583 A.2d 793 (1990); *Commonwealth v. Hurst*, 367 Pa.Super. 214, 217–218, 532 A.2d 865, 867 (1987); *Commonwealth v. Eliason*, 353 Pa.Super. 321, 323, 509 A.2d 1296, 1297 (1986), *allocatur denied*, 517 Pa. 592, 535 A.2d 81 (1987) (in which this court has discussed proper post-trial practice and has disapproved of appeals from orders denying post-trial relief). Thus, the appeal in this case is properly characterized as one from the judgment of sentence rather than an order.

**2.** 75 Pa.C.S.A. § 3362(a)(2).

■ Before addressing the issue raised by appellant, we will briefly recount the relevant facts giving rise to this appeal. Appellant, James Kittelberger, was driving on interstate 79 during the late evening hours of November 14, 1990 when he was observed by Trooper Robert Rendar to be traveling in excess of the posted speed limit.[3] As a result, appellant was given a speeding citation. Appellant contested his guilt and a hearing was held before a district justice on February 20, 1991 following which appellant was convicted. A timely appeal from the summary conviction was then taken. A trial *de novo* was held on July 1, 1991. After the close of his case, appellant challenged the sufficiency of the Commonwealth's evidence as it related to the proof of approval of the radar gun by PennDoT. The trial court rejected appellant's argument and again adjudged appellant guilty. Appellant was then immediately sentenced to pay a fine of $68.00. Post-trial motions, which renewed appellant's objection to the insufficiency of the Commonwealth's evidence, were timely filed and denied.[4] This appeal followed.[5]

Appellant questions whether the Commonwealth sustained its burden of proving that the speed timing device in this case was of a type which had been approved by the Pennsylvania Department of Transportation. In addressing this issue,

3. The speed limit on this highway is fifty-five miles per hour. According to Trooper Rendar, radar indicated that appellant was traveling at a rate of seventy-one (71) miles per hour.

4. The trial court, in its brief opinion, failed to respond to the actual question presented by appellant.

5. As explained *ante*, at note 1, appellant has improperly appealed from the entry of the order denying his post-trial motions rather than from the judgment of sentence. Ordinarily, this appeal would be deemed untimely because it was not filed within the thirty-day period following imposition of sentence. However, we decline to fault appellant as the problem in this case arose because the trial court did not adhere to the correct post-trial procedures. We also recognize that this appeal was timely filed with respect to the order denying appellant's request for post-trial relief. We have declined to quash the appeal in similar situations. *See, e.g., Commonwealth v. Doleno, Commonwealth v. Yetsick, Commonwealth v. Schauffler, Commonwealth v. Hurst,* and *Commonwealth v. Eliason, supra.* For these reasons, we will proceed to review the merits of this appeal.

we note that our scope of review ..., where the lower court has heard the case *de novo*, is to determine whether or not the findings of fact are supported by competent evidence and to correct conclusions of law erroneously made. Also, the action of the lower court will not be disturbed on appeal except for [a] manifest abuse of discretion.

*Commonwealth v. Gussey*, 319 Pa.Super. 398, 402, 466 A.2d 219, 221 (1983) (citations omitted). We further recognize that the question raised by appellant presents a challenge to the sufficiency of the Commonwealth's evidence. In reviewing matters of this type, the test is:

[w]hether, viewing the evidence in the light most favorable to the Commonwealth, and drawing all reasonable inferences favorable to the Commonwealth, there is sufficient evidence to find every element of the crime beyond a reasonable doubt. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire trial record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact, while passing upon the credibility of witnesses and the weight to be afforded the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Griscavage*, 512 Pa. 540, 543, 517 A.2d 1256, 1257 (1986), *quoting Commonwealth v. Harper*, 485 Pa. 572, 576–577, 403 A.2d 536, 538–539 (1979). We will evaluate appellant's claim and the decision of the lower court with these principles in mind.

To sustain a conviction for speeding, the Commonwealth must show beyond a reasonable doubt that: (1) an accused was driving in excess of the speed limit; (2) the speed timing device was approved by the Department of Transportation; and (3) the device was calibrated and tested for accuracy within the prescribed time period by a station which has been approved by the department. 75 Pa.C.S.A. § 3362(a) and § 3368(a)–(e); *Commonwealth v. Hamaker*, 373 Pa.Super. 510, 513, 541 A.2d 1141, 1142 (1988). Because only the Common-

wealth's proof relating to approval by the department is in dispute, we will focus our analysis on this element.[6]

In sustaining its burden of proof, the Commonwealth need not produce a certificate from PennDoT which expressly indicates approval of a particular speed timing device. Rather, the legislature has considerably lessened the Commonwealth's evidentiary burden by enabling the courts to take judicial notice of the fact that the device has been approved by PennDoT, provided that the approval has been published in the Pennsylvania Bulletin. *See* 45 Pa.C.S.A. § 506 (providing for judicial notice) and §§ 724–725 (requiring Commonwealth agency regulations to be published in the Pennsylvania Bulletin); 75 Pa.C.S.A. § 3368(d) (requiring PennDoT to classify and approve speed timing devices by regulation).

As applied here, the certified record identified the radar gun used to measure appellant's speed as a Falcon. N.T. 7/1/91 at 4–5. PennDoT has approved Falcon radar guns for use by the Pennsylvania State Police. 19 Pa.Bull. No. 50, Part I, at 5346 (December 16, 1989). Consequently, the Commonwealth could have established the requisite element of approval in this case merely by asking the lower court to take judicial notice of the fact that the department's approval of the Falcon radar gun was published in the Pennsylvania Bulletin. 45 Pa.C.S.A. § 506. The Commonwealth concedes, and our own review of the certified record confirms, that the Commonwealth did not expressly ask the lower court to take judicial notice of the department's approval of the Falcon radar gun.

---

**6.** We note that appellant additionally contests the insufficiency of the Commonwealth's evidence relating to the third element, *i.e.*, the department's approval of the testing station, in his post-trial motions and in the argument portion of his brief. However, this particular claim is waived because appellant failed to properly preserve it for appellate review by specifically including it in his statement of questions. *See* Pa.R.A.P., Rule 2116(a), 42 Pa.C.S.A.; *Commonwealth v. Unger*, 494 Pa. 592, 595 n. 1, 432 A.2d 146, 147 n. 1 (1980); *Commonwealth v. Jackson*, 494 Pa. 457, 459 n. 1, 431 A.2d 944, 945 n. 1 (1981). Although we shall not address this argument, we agree with appellant that the evidence is insufficient on this basis because the trial transcript is devoid of any indication that the station which performed the accuracy and calibration tests had been approved by the Pennsylvania Department of Transportation.

However, the Commonwealth maintains that it satisfied its evidentiary burden by introducing the certificate of accuracy.

The approach now urged by the Commonwealth was expressly rejected by the Pennsylvania Supreme Court in *Commonwealth v. Perdok*, 411 Pa. 301, 192 A.2d 221 (1963). In *Commonwealth v. Perdok*, the Commonwealth presented an argument which is virtually identical to that raised here in which it was suggested that the certificate of accuracy was sufficient to prove that the secretary had approved of the radar device.[7] In declining to adopt the Commonwealth's reasoning, our Supreme Court interpreted the Vehicle Code as only authorizing the admission of the certificate of accuracy to prove that the radar had been tested for accuracy and calibrated within the requisite time period prescribed by the statute. *Commonwealth v. Perdok*, 411 Pa. at 305, 192 A.2d at 224. The Supreme court then held that because the certificate of accuracy only proved the accuracy of the radar, additional proof of approval of the type of radar device was necessary to sustain a conviction for speeding. *Id.*, 411 Pa. at 306–307, 192 A.2d at 225.

This court applied the same analysis employed in *Commonwealth v. Perdok* to a speeding conviction that arose under the Vehicle Code of 1976 and observed that "[s]ection 3368(d) only confers admissibility on the certificate of accuracy to prove the test was made within the required period and that the device was accurate. It does not, however, extend use of the certificate to proving approval of the *type* of device itself." *Commonwealth v. Nardei*, 278 Pa.Super. 420, 422, 420 A.2d 612, 613 (1980) (emphasis in original). The Commonwealth, however, suggests that *Commonwealth v. Nardei* was wrongly decided because it relied upon *Commonwealth v. Perdok*. The essence of the Commonwealth's contention is that *Common-*

7. As correctly noted by the Commonwealth, the Vehicle Code of 1959, as amended by the Act of April 28, 1961, P.L. 108, No. 48, § 2, *codified at* 75 P.S. § 1002(d.1) was in effect at the time *Commonwealth v. Perdok* was decided. Under the amended version of the Vehicle Code of 1959, the Secretary of Revenue was responsible for approving the types of radar or other speed timing devices used by the police. *See* Act of April 28, 1961, P.L. 108, No. 48, § 2, *codified at* 75 P.S. § 1002(d.1) and *Commonwealth v. Perdok*, 411 Pa. at 304, 192 A.2d at 224.

*wealth v. Perdok* and its progeny are distinguishable because *Perdok* was decided under the Vehicle Code of 1959, which was subsequently repealed by the Vehicle Code of 1976. Notwithstanding the Commonwealth's argument to the contrary, we find this to be a distinction without a difference.

The Vehicle Code of 1959, as amended by the Act of April 28, 1961, P.L. 108, No. 48, § 2, *codified at* 75 P.S. § 1002(d.1)(1), first permitted the state police to utilize radar to measure a motorist's speed. The 1961 amendment further provided that no conviction could be maintained by use of radar unless the device had been specifically approved by the Secretary of Revenue and had been calibrated and tested for accuracy within the requisite time period by an official testing station appointed by the secretary. *Id., codified at* 75 P.S. 1002(d.1)(1) and (2). As noted by the Commonwealth, the Vehicle Code of 1959 and the amendments thereto were subsequently repealed by the Vehicle Code of 1976. Act of June 17, 1976, P.L. 162, No. 81, § 7.

Although the prior act was repealed, the Vehicle Code of 1976 re-enacted a provision which was substantially similar to that contained in the former act. Specifically, the 1976 version of the Vehicle Code continued to require proof of approval of the speed timing device by the Pennsylvania Department of Transportation as well as proof of calibration and testing for accuracy by a testing station that was appointed by the department. Act of June 17, 1976, P.L. 162, No. 81, § 1, *codified at* 75 Pa.C.S.A. § 3368(d). The primary difference in the requirements of the provisions of the vehicle codes thus appears to be that the 1976 Vehicle Code substituted the Department of Transportation in place of the Secretary of Revenue as the government unit responsible for approving the type of radar or other speed timing devices which are to be used by the police. As demonstrated by a comparison of the two versions of the Vehicle Code, the essential elements which the Commonwealth must prove to sustain a speeding conviction have remained unchanged. We therefore find the purported distinction posited by the Commonwealth to be insignificant.

The Commonwealth also relies upon this court's decision in *Commonwealth v. Gernsheimer,* 276 Pa.Super. 418, 419 A.2d 528 (1980) for additional support. According to the Commonwealth, *Gernsheimer* should be construed as altering the requirements which must be demonstrated to sustain a speeding conviction such that the Commonwealth can establish approval of a specific speed timing device by PennDoT simply by introducing the certificate of accuracy and calibration of the device. Careful review of the discussion set forth in *Gernsheimer* reveals the Commonwealth's suggested interpretation to be flawed.

The defendant in *Gernsheimer* asserted that the Commonwealth failed to establish the requirements of 75 Pa.C.S.A. § 3368(d) of the Vehicle Code of 1976. *Commonwealth v. Gernsheimer,* 276 Pa.Super. at 422, 419 A.2d at 530. More specifically, the defendant argued that the certificate of accuracy and calibration should not have been admitted into evidence because it did not contain an official seal on its face. *Id.,* 276 Pa.Super. at 422–423, 419 A.2d at 530. The defendant further contested the admissibility of the certificate of accuracy and calibration on the basis that the police officer who testified at the hearing had not actually performed the accuracy/calibration tests on the speed timing device and was not present when the tests were performed. *Id.,* 276 Pa.Super. at 423, 419 A.2d at 530.

In rejecting the defendant's arguments, we applied the clear and unambiguous language of § 3368(d) and concluded that the statute did not require an official seal to be on the certificate of accuracy and calibration. *Id.* We also indicated that the certificate was admissible, despite the fact that the police officer who testified did not actually perform or observe the accuracy/calibration tests being performed, because the statute and departmental regulations promulgated in furtherance thereof did not contain these additional requirements. *See id. See also* 75 Pa.C.S.A. § 3368(d); 67 Pa.Code § 105.-13(d) (requiring either the electrical engineer, associate engineer or duly qualified technician to be present when the accuracy test is conducted) and § 105.15(b)(9) (requiring the

individual performing the tests, *inter alia,* to sign and date the certificate forms). Because the alleged defects complained of by the defendant were not mandated by the statute or the department's testing regulations, the Commonwealth was not required to demonstrate these additional matters to satisfy its evidentiary burden.

As demonstrated by the above discussion, this court did not alter the evidentiary requirements of 75 Pa.C.S.A. § 3368(d) so as to relieve the Commonwealth of its burden of demonstrating specific approval of the type of radar or other speed timing device by PennDoT. *Gernsheimer* only involved two narrow issues concerning the admissibility of the certificate of accuracy and calibration and the certificate appointing the testing station as an official testing station of speed timing devices. The defendant in *Gernsheimer* apparently did not specifically challenge the sufficiency of the evidence as it related to the element of approval of the specific device by PennDoT, and accordingly, this court did not address this matter. When placed within its proper context, *Gernsheimer* thus cannot be viewed as an attempt to dispense with the element of approval mandated by 75 Pa.C.S.A. § 3368(d). Our holding in *Gernsheimer* likewise does not support the proposition now urged by the Commonwealth, *i.e.,* that the element of approval by PennDoT can be satisfied merely by introduction of the certificate of accuracy and calibration. We therefore find the Commonwealth's reliance on *Gernsheimer* to be misplaced.[8]

8. We reach similar conclusions with regard to *Commonwealth v. Gussey,* 319 Pa.Super. 398, 466 A.2d 219 (1983), which is also cited by the Commonwealth for the same proposition. In *Commonwealth v. Gussey,* the defendant challenged the admissibility of the certificate of accuracy and calibration on the basis that the date had been typed rather than handwritten. *Id.,* 319 Pa.Super. at 408, 466 A.2d at 224–225. This court, citing *Commonwealth v. Gernsheimer,* rejected the defendant's argument on the basis that there was no requirement set forth in either § 3368(d) or the departmental regulations which mandated that the certificate of accuracy and calibration be completed, with the exception of the signatures of the tester, by means of handwriting instead of typing. *Id.,* 319 Pa.Super. at 409, 466 A.2d at 225. We also noted that the Commonwealth had established the other elements of the offense relating to the department's approval of the speed timing device and of

■ As a final point, the Commonwealth suggests that even were we to find the evidence insufficient, this court should nevertheless affirm appellant's conviction by taking judicial notice of the fact that the radar device has been specifically approved by PennDoT. The Commonwealth essentially asks this court, under the guise of taking judicial notice, to remedy a fatal defect in its case by permitting it to introduce additional evidence on appeal.

■ This court has recognized that we may take judicial notice of a fact to the same extent as a trial court. *Goff v. Armbrecht Motor Truck Sales, Inc.*, 284 Pa.Super. 544, 548 n. 4, 426 A.2d 628, 630 n. 4 (1980). However, it is well settled that we may not take judicial notice of facts which have not been noticed by the trial court and which have not been offered into evidence. *See, e.g., Ware v. McKnight*, 368 Pa.Super. 502, 506, 534 A.2d 771, 773, (1987), *remanded on other grounds*, 520 Pa. 89, 552 A.2d 666 (1988), *citing Tallman v. Florey*, 179 Pa.Super. 354, 357, 115 A.2d 752, 753 (1955); *In re Estate of Brockerman*, 332 Pa.Super. 88, 95, 480 A.2d 1199, 1202 (1984). Moreover, this court has stated that, "[o]n appeal, it is not our function to sit as a trial court and try the case de novo." *Commonwealth v. Wells*, 322 Pa.Super. 380, 387, 469 A.2d 672, 675 (1983). In view of these authorities, we do not believe that the doctrine of judicial notice can be applied so as to permit the Commonwealth to introduce additional evidence on appeal where such evidence was not properly introduced at trial.

To its detriment, the Commonwealth chose to rely solely upon the certificate of accuracy and calibration to prove that the speed timing device had been approved by PennDoT. Such evidence, in and of itself, is insufficient to establish this

the testing station by properly asking the trial court to take judicial notice of these facts, as published in the Pennsylvania Bulletin. *Id.*, 319 Pa.Super. at 408, 466 A.2d at 224. However, nothing in our discussion indicated that introduction of the certificate of accuracy and calibration, standing alone, would adequately demonstrate the elements of approval of the speed timing device or approval of the testing station. *Commonwealth v. Gussey* therefore does not support the holding posited by the Commonwealth in this case.

element of the speeding offense. *See Commonwealth v. Nardei, Commonwealth v. Perdok, Commonwealth v. Hamaker* and *Commonwealth v. Gussey, supra.* Because the Commonwealth failed to sustain its burden of proof, appellant is entitled to an arrest of judgment on his conviction.

Judgment reversed. Appellant discharged.