## Commonwealth v. Elias

*Jeffrey D. Burd,* deputy district attorney, for Commonwealth.

*Richard L. Orloski,* for defendant.

DANTOS, *J.,* April 14, 2010—Defendant, Ghassan Elias, has filed an appeal from the order of this court dated March 9, 2010, which found defendant guilty of maximum speed limits[1] and imposed a $47 fine. Accordingly, we are issuing this opinion pursuant to the provisions of Pennsylvania Rule of Appellate Procedure 1925.

The relevant facts are as follows. On April 7, 2009, at approximately 4:47 p.m., Officer Cory Reader of the Berks Lehigh Regional Police Department was performing a speed timing operation with the traffic unit on State Route 100, 222 bypass in Upper Macungie Township, Lehigh County. (N.T. 3/9/10, p. 5.) Officer Reader was utilizing the police department's Enradd EJU-91 unit, which is a wireless infrared unit. (N.T. 3/9/10 p. 5.) Pursuant to the December 26, 2009 *Pennsylvania Bulletin,*[2] this unit has been approved and authorized by PennDOT for use by the police department. (N.T. 3/9/10, pp. 5-6.) Furthermore, this device was tested within the last six months for accuracy; specifically, on April 3, 2009, by Y.I.S. Cowden Incorporated, which is an approved test-

---

1. 75 Pa. C.S. §3362(a)(3)-11 (Exceeding maximum speed limit established by 11 mph).

2. The December 26, 2009 *Pennsylvania Bulletin* was the most recent copy of the *Pennsylvania Bulletin* at the time of the summary appeal trial. (NT. 3/9/10, p. 6.)

ing agency pursuant to the December 26, 2009 *Pennsylvania Bulletin.* (C. ex. 1: certificate of accuracy from the testing station);[3] (N.T. 3/9/10, pp. 6-7). While performing the speed timing operation, Officer Reader observed a silver Nissan Pathfinder traveling southbound on the 222 bypass at 62 mph in a posted 45 mph zone. (N.T. 3/9/10, p. 9.) Consequently, Officer Reader advised Officer Steven Marshall via the radio of the make, model and color of the speeding vehicle so that he could effectuate a traffic stop. (N.T. 3/9/10, p. 9.)

Officer Marshall initiated the traffic stop by activating his overhead lights on his marked police cruiser. (N.T. 3/9/10, p. 12.) The operator of the vehicle, defendant Ghassan Elias, identified himself to the officer. (N.T. 3/9/10, p. 12.) The defendant was charged with violating maximum speed limits. (N.T. 3/9/10, p. 12.)

At the time of the summary appeal trial, the defendant testified on his own behalf. The defendant openly admitted that he was "rushing" home to retrieve his insulin because he was diabetic and was experiencing a high blood sugar level. (N.T. 3/9/10 , pp. 14-15.) The defendant estimated the speed that he was traveling to be 55 mph.[4] (N.T. 3/9/10 p. 15.) After the brief trial, on March 9, 2010, this court found defendant guilty of violating

---

3. Despite the defendant's assertion to the contrary, the certificate of accuracy was submitted as Commonwealth's ex. 1. (N.T. 3/9/10. pp. 9-10.)

4. The defendant acknowledged that the speed limit on the 222 bypass was 45 mph:

"The Court: That's a hard road to stay 45 on.

"A: Yeah. And when I was in a rush to get my insulin, I was—"(N.T. 3/9/10, p. 15.)

maximum speed limits and imposed a $47 fine. Defendant's appeal followed on March 22, 2010.

In the instant case, this court carefully listened to the testimony presented and made a determination based on the sufficient evidence offered and this court's finding that Officers Cory Reader and Steven Marshall were credible in their testimony. Officer Reader utilized an approved and authorized radar device that had been tested in accordance with guidelines and standards. See *Commonwealth v. Kittelberger,* 420 Pa. Super. 104, 616 A.2d 1 (1992) (holding that the Commonwealth need not produce a certificate from PennDOT which expressly indicates approval of a particular speed timing device; rather, the legislature has considerably lessened the Commonwealth's evidentiary burden of enabling the courts to take judicial notice of the fact that the device has been approved by PennDOT, provided that the approval has been published in the *Pennsylvania Bulletin*). Consequently, the defendant's appeal lacks merit. Accordingly, this court believes that its finding the defendant guilty of violating maximum speed limits is legal and appropriate. The defendant's appeal must be dismissed.