J-S01040-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TONY BURTON | |
| Appellant | No. 2913 EDA 2014 |

Appeal from the Judgment of Sentence June 27, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0005522-2012

BEFORE:  GANTMAN, P.J., MUNDY, J., and MUSMANNO, J.

MEMORANDUM BY GANTMAN, P.J.:          **FILED JANUARY 12, 2016**

Appellant, Tony Burton, appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas, following his bench trial convictions of persons not to possess firearms, firearms not to be carried without a license, and carrying firearms on public streets in Philadelphia.[1]  We affirm.

In its opinion, the trial court fully and correctly sets forth the relevant facts and procedural history of this case.  Therefore, we have no reason to restate them.[2]

_____

[1] 18 Pa.C.S.A. §§ 6105(a)(1), 6106(a)(1), and 6108, respectively.

[2] We observe Appellant's Rule 1925(b) statement was untimely. Nevertheless, we decline to waive Appellant's issue because the trial court
*(Footnote Continued Next Page)*

Appellant raises the following issue for our review:

> WHETHER THE [TRIAL] COURT ERRED IN DENYING [APPELLANT'S] MOTION TO SUPPRESS WHERE THE FACTS AND CIRCUMSTANCES DID NOT SUPPORT EITHER THE COURT'S FINDING OF THERE BEING REASONABLE SUSPICION TO STOP [APPELLANT] OR THERE BEING PROBABLE CAUSE TO ARREST [APPELLANT].

(Appellant's Brief at 4).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Lisette Shirdan-Harris, we conclude Appellant's issue merits no relief. The trial court's opinion comprehensively discusses and properly disposes of Appellant's question presented. (**See** Trial Court Opinion, filed April 2, 2015, at 5-7) (finding: based on totality of circumstances, police had reasonable suspicion to stop and investigate Appellant, as police heard gunshots in early morning hours giving rise to reasonable suspicion criminal activity was afoot; Appellant and acquaintance were present in exact area where police heard gunshots, and Appellant was visibly holding beer and walking away from police at fast pace; police officers clearly observed handgun on Appellant's person upon lawful stop and subsequent investigative detention; police officers' actions were reasonable because they were guided by common-sense concern for officer safety during encounter with armed

_____
*(Footnote Continued)*

received the statement and ultimately addressed Appellant's issue in a written opinion. **See Commonwealth v. Burton**, 973 A.2d 428 (Pa.Super. 2009) (*en banc*) (allowing for immediate review under these circumstances).

suspect; police also had probable cause to arrest Appellant, when veteran police officers observed Appellant and acquaintance walking quickly down street where officers had heard multiple gunshots moments earlier; Appellant had firearm visible in waistband; combined factors provided officers with reasonably trustworthy information to believe Appellant had committed firearms offense; seizure of Appellant's weapon was permissible incident to his lawful arrest; firearm was also in plain view of officers from lawful vantage point, and it was immediately apparent to officers that firearm could be considered incriminating evidence in shooting investigation).   The record supports the court's decision to deny Appellant's suppression motion.   Therefore, we have no reason to disturb it. Accordingly, we affirm on the basis of the court's opinion.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/12/2016



FILED

APR X 2 2015

Criminal Appeals Unit
First Judicial District of PA

**IN THE COURT OF COMMON PLEAS
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CRIMINAL TRIAL DIVISION**

COMMONWEALTH OF
PENNSYLVANIA

v.

TONY BURTON

Appellant

:
:
:
:
:
:
:
:

PHILADELPHIA COUNTY

CP-51-CR-0005522-2012

SUPERIOR COURT NO.:

2913 EDA 2014



CP-51-CR-0005522-2012 Comm. v. Burton, Tony
Opinion

7277502421

## OPINION

The defendant appeals this Court's denials of his motion to suppress and motion for reconsideration in the above captioned matter. The Court submits the following Opinion in accordance with the requirements of Pa R.A.P. 1925. For the following reasons, this Court's decisions should be affirmed.

### I.     PROCEDURAL HISTORY

Defendant, Tony Burton, was arrested on March 17, 2012 and charged with various weapons offenses[1]. A waiver trial was scheduled for August 5, 2013, and the defense filed a pre-trial motion to suppress the physical evidence. Immediately prior to trial, testimony was taken on the defense's motion which was ultimately denied by this court. The waiver trial immediately followed and the defendant was found guilty on all three counts and subsequently sentenced on June 27, 2014 to five to ten years on the §6105 charge; followed by a consecutive sentence of one to two years on the §6106 charge to be served concurrently to a one to two year sentence on the §6108 charge. Defendant filed a motion for reconsideration

---

[1] Defendant was charged with 18 § 6105§§A 1 Possession of a Firearm Prohibited; 18 §6106 §§A1 Firearm not to be Carried without a License; and, 18 § 6108 Carrying a Firearm on the Public Streets of Philadelphia.

of the sentence on July 2, 2014 and it was denied by order of this Court ninety days later, on September 30, 2014.

On October 16, 2014 the defendant filed the instant appeal followed by a Statement of Errors provided verbatim (in relevant part) below:

"*1. The trial court erred in denying the Defendant's Motion to Suppress based upon:*

    *a. There being a lack of reasonable suspicion to stop and investigate the Defendant; and*

    *b. There being a lack of probable cause to arrest the Defendant and seize from his person a hand-gun found to be in his possession ...*

*2. The trial court erred in denying the Defendant's Motion For[sic] Reconsideration of his sentence in this matter by operation Of [sic] law.*"

The defendant's claims are without merit, and for the reasons set forth below, the motion rulings should be affirmed.

## II.    FACTUAL BACKGROUND

At the hearing on defendant's motion to suppress (the "hearing"), the Commonwealth presented the testimony of Philadelphia Police Officers Donnell Creighton, Michael Pezzeca, James Mostiller and Reinaldo DeJesus. The defendant also testified at the hearing. By agreement of the parties, all admissible non hearsay testimony from the hearing was incorporated into the trial record. *N.T.* 8/5/13 at 63. At trial, the Commonwealth presented additional evidence and testimony from Philadelphia Detective DiLauro. *Id.* at 72. The credible testimony and evidence offered by the Commonwealth and its witnesses established the following. On March 17, 2012, at approximately 5:50A.M., as daylight was approaching, Police Officers Creighton and DeJesus were both separately performing their routine patrols in the area of 46th and Lancaster Avenue in Philadelphia County when each heard numerous

2

(five to six) gunshots in the area. *Id.* at 6, 15-16 and 35. Officer Creighton first arrived, within seconds, in the vicinity where the shots were heard and observed two males walking quickly southbound on 46th Street, away from Lancaster Avenue. *Id.* at 6 and 42. Officer Creighton stopped one of the males (later identified as Troy Overton – an acquaintance of the defendant) for investigative purposes after observing him bend down near the tire of a parked white pick-up truck before standing up and continuing to walk quickly northbound on the street. *Id.* at 7, 9 and 48. Immediately thereafter, Officer DeJesus arrived in the vicinity of where the gunshots were heard and immediately observed Officer Creighton stopping Mr. Overton and also saw the defendant walking southbound at a fast pace. *Id.* at 35. Officer DeJesus began to follow the defendant, observing that he had a beer in his hand. *Id.* at 40.

Officers Pezzeca and Mostiller quickly arrived on the scene after hearing Officer Creighton's report over the radio about gun shots in the area. *Id.* at 12. These Officers had inadvertently pulled their patrol car directly in front of the defendant who was holding a beer can and continuing to walk away from Officer DeJesus at a quick pace. *Id.* at 17-18. Officer DeJesus called out for the defendant to "stop" for investigative purposes, and when the defendant failed to stop, Officer DeJesus instructed Officers Pezzeca and Mostiller to "stop him". *Id.* at 12 -13, 24 and 36. The Officers exited their vehicle and as they approached the defendant, from a distance of about twenty feet, they observed the handle and top of the slide of a handgun visible in the left side of the defendant's waistband. *Id.* at 12-13, 24 and 29. Officer Pezzeca yelled to the other Officers that defendant "has a gun" and when defendant failed to stop walking pursuant to their verbal requests, the Officers took him to the ground, recovered the weapon from his waistband and placed him in handcuffs. *Id.* at 14 and 23.

Detective DiLauro arrived on the scene and his investigation of that block revealed a parked silver Volvo sedan where both front tires were flat and appeared to be shot out from

3

gunfire. *Id.* at 73. The detective also discovered two .9 millimeter FCCs on the passenger's side as well as the driver's side. *Id.* Additionally, a .9 millimeter handgun was recovered on top of the rear passenger side tire of the white pick-up truck that where Mr. Overton was seen bending down. *Id.* The parties stipulated that the firearm recovered from the defendant was operable and that based on a previous conviction, the defendant was not eligible to possess a firearm under 18 § 6105. *Id.* at 75-76. Additionally, a certificate of non licensure for the defendant was entered into evidence, showing that he did not have a license to possess a firearm. *Id.* at 76.

### III.    STANDARD OF REVIEW

"In reviewing a ruling on a suppression motion, the standard of review is whether the factual findings and legal conclusions drawn therefrom are supported by the evidence." *Com. v. Kuzmanko*, 709 A.2d 392, 396 (Pa. 1998). Additionally, "[w]here the record supports the findings of the suppression court, [the reviewing court] is bound by those facts and may reverse only if the legal conclusions drawn therefrom are in error." *Id.* at 396. "The suppression court has sole authority to assess the credibility of the witnesses and is entitled to believe all, part, or none of the evidence presented." *Com. v. Shine*, 784 A.2d 167, 168 (Pa. Super. 2001).

### IV.    DISCUSSION

On appeal, defendant claims that this Court erred in denying his motion to suppress, alleging that the police improperly stopped, investigated, seized his weapon, and arrested him without reasonable suspicion or probable cause. *See* Statement of Errors. Three basic categories have been established when looking at the interactions that take place between citizens and police. The first category is known as mere encounter or request for information and does not need to be supported by any level of suspicion. *Commonwealth v. Smith*, 836

4

A.2d 5, 10 (Pa.        2003). Investigative detentions make up the second category and must be supported by reasonable suspicion. *Id.* Despite the fact that an individual is stopped and subjected to a period of detention, investigative detentions do not involve such coercive conditions as to rise to the level of the functional equivalent of arrest. *Id.* The final category, known as an arrest or custodial detention, must be supported by probable cause. *Id.*

## A. Based On The Totality of The Circumstances The Investigative Detention Was Lawful

The stop in the instant case was a lawful investigative stop. When detaining an individual for investigative purposes, commonly known as a *Terry* stop, the police must have reasonable suspicion that criminal activity is afoot. *Com. v. Griffin,* 954 A.2d 648, 651 (Pa. Super. 2008). Police officers must have an articulable reason for stopping the individual. *Id. at 654.* In making the determination of whether the information provided to authorities rises to the level required for reasonable suspicion, the court should employ a "totality of the circumstances test." *Id.* When assessing the reasonableness of an officer's decision to stop a suspect and perform an investigatory detention the trial court must be guided by common sense concerns that give preference to the safety of the police officer during an encounter with a suspect where circumstances indicate that the suspect may have a weapon. *Commonwealth v. Stevenson,* 894 A.2d 759, 772 (Pa. Super. 2006).

In the instant case, based on the totality of the circumstances, the police had the required reasonable suspicion to stop and investigate the defendant. The audible sound of gunshots heard by the officers in the area provided reasonable suspicion that criminal activity was afoot, as required by *Griffin.* The presence of the defendant (and his acquaintance) in the exact area where gunshots were heard by police, in the early morning hours, where defendant was visibly holding a beer and walking away from the officers at a fast pace provided

5

articulable reasons to stop and investigate the defendant. Upon performing the lawful stop and subsequent investigative detention of the defendant, the officers clearly observed a handgun on the defendant's person. *N.T.* 8/5/13 at 12-13, 24 and 29. The reasonableness of the officers' actions was guided by common sense concerns that gave preference to officer safety during an encounter with an armed suspect was proper under *Stevenson.* Accordingly, this Court did not err.

## B. The Officer Had Probable Cause to Arrest the Defendant

The defendant alleges that the police lacked probable cause to arrest him and to seize his handgun. *See* Statement of Errors. There is probable cause to arrest a defendant when the facts and circumstances known to the police officers are derived from reasonably trustworthy information and are sufficient to warrant a person of reasonable caution to believe that the person to be arrested committed an offense. *Commonwealth v. Dommel*, 885 A.2d 998, 1002 (Pa. Super. 2005), *appeal denied*, 920 A.2d 831 (Pa. 2007). Additionally, under the plain view doctrine, the warrantless seizure of evidence which is in plain view is permissible when two criteria are met: first, the evidence must be seen from a lawful vantage point; second, it must be immediately apparent to the viewer that the object observed is incriminating evidence. *Commonwealth v. Ellis*, 662 A.2d 1043, 1049 (Pa. 1995).

In the instant case, the defendant was arrested after several veteran police officers heard multiple gunshots in the area, in the early hours of the morning, and quickly arrived on the scene to investigate a crime involving gunshots. *See* N.T. 8/5/13. The officers observed the defendant and his acquaintance walking quickly down the street where the gunshots were heard moments earlier - the defendant with a beer in his hand; and, a firearm visible in his waistband. All of these combined factors provided the officers with reasonably trustworthy information to warrant the belief that the defendant had committed a firearms offense.

6

Because there was probable cause to arrest the defendant who had a visible handgun in his waistband, the seizure of the weapon was permitted incident to his lawful arrest. The plain view doctrine is also applicable as both criteria established under *Ellis* were met – the weapon was clearly seen from a lawful vantage point by several officers and it was immediately apparent to them that the gun could be considered incriminating evidence regarding the shooting that they were investigating. *See Ellis*, 662 A.2d at 1049. Accordingly, police seizure of the handgun was permissible and this Court did not err.

### C. This Court Did Not Err in Denying Defendant's Motion for Reconsideration

Defendant's Statement of Errors claims that this court "erred in denying the Defendant's Motion For [sic] Reconsideration of his sentence in this matter by operation Of [sic] law". Defendant's claim is defective both procedurally and substantively. Pursuant to Pa. R. Crim. P. 720 (B)(3)(a), (b) a post trial motion is only deemed denied "by operation of law" when the deciding court fails to render a judgment before the applicable *one hundred and twenty day* disposition period. This court issued an order denying the motion *ninety days* after it was filed, and accordingly, the motion was not denied "by operation of law" as defendant alleges. Additionally, "a purported appeal from an order denying post-trial motions is procedurally improper because the appeal in a criminal proceeding lies from the judgment of sentence, *i.e.*, the final order imposing sentence". *Commonwealth v. Kittelberger*, 616 A.2d 1 at FN1 (Pa. Super. 1992). Based on these procedural defects alone, the defendant's appeal should be dismissed.

Such an appellate claim is more properly characterized as one from the judgment of sentence rather than an order denying reconsideration. *Id.* Even when reviewing defendant's claim in this light – error involving the judgment of sentence - it remains substantively

7

defective as this court did not err. Defendant's July 2, 2014 post trial motion for reconsideration of sentence states in relevant part that:

> "2. ... [Defendant] was sentenced by this Honorable Court on June 27, 2014 to an aggregate sentence of six to twelve (6-12) years of incarceration, **which was a guideline sentence**. 3. However, [defendant] was subsequently found to be in direct violation by the Pennsylvania Board of Probation & Parole[2]. [Defendant] was found in violation and sentenced to three years "backtime"/incarceration, which by operation of law will run consecutively to this Honorable Court's sentence. 4. As a result, [defendant] will serve a minimum of nine (9) years in state incarceration. WHEREFORE, [defendant] respectfully requests that this Honorable Court reconsider his sentence."**(emphasis added)**. *See* Defendant's July 2, 2014 Motion for Reconsideration of Sentence.

Sentencing is a matter "within the sound discretion of a trial court." *Commonwealth v. Simpson*, 510 A.2d 760 (Pa. Super. 1986). The trial court, however, must exercise its discretion in view of statutory guidelines and considerations. *Commonwealth v. Hollerbush*, 444 A.2d 1235 (Pa. Super. 1982). When exercised in light of these guidelines and considerations, the sentence will not be disturbed by an appellate court "unless it is so clearly excessive as to constitute an abuse of discretion." *Hollerbush*, 444 A.2d at 1240. Based on the applicable sentencing guidelines, *and defendant's own admission* in the Motion for Reconsideration, this Court's sentence of six to twelve years in the instant matter was well within the guidelines[3] and accordingly, not an abuse of discretion. A separate sentence of

---

[2] The instant conviction constituted a direct violation of defendant's probation and parole following a conviction from an unrelated offense.

[3] For defendant's 18 Pa.C.S. § 6105 §§A1 conviction, given the OGS of ten and his PRS of five, the guidelines called for a minimum between 5 to 6 years (with a twelve month variance); for defendant's 18 Pa.C.S. § 6106 §§A1 conviction, given the OGS of nine and his PRS of five, the guidelines called for a minimum between 4 to 5 years (with a twelve month variance); and, for defendant's 18 Pa.C.S. § 6108 conviction, given the OGS of five and his PRS of five, the guidelines called for a minimum between 1 to 1.5 years (with a three month variance).

8

three years of incarceration issued by a separate court for an unrelated conviction for a separate crime does not constitute a mitigating sentencing factor in the instant matter. Accordingly, this Court did not err.

## V.    CONCLUSION

For all of the foregoing reasons, the Court's judgment of sentence should be affirmed.

**BY THE COURT:**

April 2, 2015

LISETTE SHIRDAN-HARRIS,    J.

---

and his PRS of five, the guidelines called for a minimum between 1 to 1.5 years (with a three month variance). **Defendant was facing a legal sentencing range of up to 13.5 to 27 years (without any aggravating factors) under the guidelines for the instant convictions.**

9