J-S31008-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DEON ODWIN REOVAN | : | |
| | : | |
| Appellant | : | No. 2914 EDA 2023 |

Appeal from the Judgment of Sentence Entered November 2, 2023
In the Court of Common Pleas of Northampton County Criminal Division
at No(s): CP-48-CR-0002841-2021

BEFORE: BOWES, J., McLAUGHLIN, J., and BECK, J.

MEMORANDUM BY BOWES, J.:                    **FILED OCTOBER 8, 2024**

Deon Odwin Reovan appeals from the judgment of sentence imposing thirty days to six months of imprisonment and fines following his conviction for driving under the influence ("DUI"), speeding, and other offenses. We affirm.

On June 9, 2021, Trooper Michael Hodgskin of the Pennsylvania State Police was operating a marked patrol vehicle when he observed Appellant driving in front of him at a high rate of speed. Trooper Hodgskin used the speedometer in the patrol vehicle to pace Appellant's speed over three miles. Using this technique to gauge Appellant's rate of travel, Trooper Hodgskin was able to determine that Appellant was driving ninety-five miles per hour in a fifty-five mile-per-hour zone. Upon initiating a traffic stop, the Trooper detected that Appellant smelled of alcohol and marijuana. Appellant poorly

attempted field sobriety tests, and he was arrested for suspicion of DUI. A subsequent blood draw conducted approximately thirty minutes after the interdiction confirmed that Appellant's blood alcohol content reflected .158 percent ethanol.

The Commonwealth charged Appellant with DUI—general impairment, DUI—high rate of alcohol, speeding, careless driving, and driving with a suspended or revoked license. During the ensuing bench trial, the Commonwealth introduced a Certificate of Speedometer Accuracy, which confirmed that "RABOLD'S SERVICES has been designated as official Speedometer Testing Station No. S-67 by the SECRETARY OF TRANSPORTATION" and verified that the speedometer of Trooper Hodgskin's patrol vehicle was tested for accuracy in accordance with 75 Pa.C.S. § 3368(b). *See* N.T., 11/2/23, at 10 Exhibit 1. The trial court convicted Appellant of all the above-referenced offenses and imposed thirty days to six months of incarceration on the DUI—high rate of alcohol offense and various fines for the remaining offenses,[1] including a $105 fine for speeding.

Appellant timely appealed to this Court and filed a court-ordered Pa.R.A.P. 1925(b) statement. The trial court issued a responsive Rule 1925(a) opinion. In his brief, Appellant presents the following issue for our

_____

[1] The conviction for DUI—general impairment merged with DUI—high rate of alcohol for the purpose of sentencing.

- 2 -

consideration: "Was the evidence presented insufficient to convict Appellant of speeding?" Appellant's brief at 4.

We begin with a review of the applicable legal principles:

When considering a challenge to the sufficiency of the evidence, this [C]ourt must view the evidence presented in a light most favorable to the Commonwealth, the verdict winner, and draw all reasonable inferences therefrom. We must then determine whether the evidence was sufficient to permit the fact-finder to conclude that each and every element of the crimes charged was proven beyond a reasonable doubt. Any question of doubt is for the fact-finder, unless the evidence is so weak and inconclusive that as a matter of law no probability of fact can be drawn from the combined circumstances.

*Commonwealth v. Pollick*, 314 A.3d 882, 886 (Pa.Super. 2024) (quoting *Commonwealth v. Kaufman*, 849 A.2d 1258, 1259 (Pa.Super. 2004)). The speeding conviction that Appellant challenges requires proof of the following elements beyond a reasonable doubt:

(1) an accused was driving in excess of the speed limit; (2) the speed timing device used by the officer was approved by the [Pennsylvania] Department of Transportation [("PennDOT")]; and (3) the device was calibrated and tested for accuracy within the prescribed time period by a station which has been approved by [PennDOT].

*Id*. at 887 (cleaned up).

Relating to the accuracy and use of speed timing devices as evidence in speeding cases, 75 Pa.C.S. § 3368 provides as follows in pertinent part:

**(a) Speedometers authorized.--**The rate of speed of any vehicle may be timed on any highway by a police officer using a motor vehicle equipped with a speedometer. In ascertaining the speed of a vehicle by the use of a speedometer, the speed shall be timed for a distance of not less than three-tenths of a mile.

- 3 -

**(b) Testing of speedometers.--**[PennDOT] may appoint stations for testing speedometers and may prescribe regulations as to the manner in which the test shall be made. Speedometers shall have been tested for accuracy within a period of one year prior to the alleged violation and immediately upon change of tire size. A certificate from the station showing that the test was made, the date of the test and the degree of accuracy of the speedometer shall be competent and *prima facie* evidence of those facts in every proceeding in which a violation of this title is charged.

75 Pa.C.S. § 3368. To prove that a particular speed timing device and testing station have been approved by PennDOT, the Commonwealth may request the trial court to take judicial notice of these facts provided that the approvals are published in the Pennsylvania Bulletin. ***See Commonwealth v. Kittelberger***, 616 A.2d 1, 3 (Pa.Super. 1992).

Appellant contends that the Commonwealth did not meet its burden to prove that the testing station and speedometer were approved by PennDOT, relying on the cases of ***Kittelberger*** and ***Kaufman***. In ***Kittelberger***, this Court considered whether the Commonwealth sustained its burden of proving that a speed timing device was approved by PennDOT where the Commonwealth only offered a certificate of accuracy. This Court cited ***Commonwealth v. Perdok***, 192 A.2d 221 (Pa. 1963), wherein our Supreme Court held that "additional proof of approval of the type of radar device was necessary to sustain a conviction for speeding" because "the certificate of accuracy only proved the accuracy of the radar[.]" ***Kittelberger***, 616 A.2d at 3. The ***Kittelberger*** Court likewise held that the Commonwealth did not meet its burden where it only submitted a certificate of accuracy, which did

- 4 -

not state that the speed timing device was approved by PennDOT. In addressing the Commonwealth's argument that this Court could have taken judicial notice that the speed timing device was approved by PennDOT as reflected in the Pennsylvania Bulletin, we "recognized that we may take judicial notice of a fact to the same extent as a trial court," but declined to do so in that instance because the trial court did not take judicial notice below. *Id*. at 6.

Similarly, in **Kaufman**, this Court addressed whether the Commonwealth sustained its burden to prove that the testing station for the speed timing device was approved by PennDOT. The Commonwealth had presented a certificate of accuracy and asked the trial court to take judicial notice that the speed timing device was approved under the Pennsylvania Bulletin, but not the testing station. The **Kaufman** Court relied on **Commonwealth v. Denny**, 539 A.2d 814 (Pa.Super. 1987), which held that the Commonwealth must present "evidence independent of the certificate [of accuracy] itself . . . to prove that the testing station had been approved by the Department." **Kaufman**, 849 A.2d at 1260. The Court in **Denny** noted that the certificate of accuracy only indicated that the testing station was approved based on a representation by the testing station's owner, which was not enough. **Denny**, 539 A.2d at 816. The **Kaufman** Court likewise concluded that because the Commonwealth presented no evidence that the

testing station was approved by PennDOT, the Commonwealth did not meet its burden.

Here, the Commonwealth offered a certificate of accuracy into evidence, which confirmed both that the testing station was approved by the Secretary of PennDOT and that the speedometer was tested for accuracy. **See** Exhibit 1 (stating Rabold's Services has been approved as a testing station by the Secretary of PennDOT and the speedometer was tested for accuracy). In the trial court's 1925(a) opinion, it explained that although the Commonwealth did not seek judicial notice of the fact that the testing station and speedometer were approved by PennDOT, it *sua sponte* took judicial notice of these facts as they appear in the Pennsylvania Bulletin. **See** Trial Court Opinion, 12/21/2023, at 3-4 ("[T]he court took judicial notice of the contents of the Pennsylvania Bulletin in which such approvals are published."); *id*. at 3 (explaining that Pa.R.E. 201(c)(1) permits trial courts to take judicial notice *sua sponte* and 42 Pa.C.S. § 506 states that the Pennsylvania Bulletin "shall be judicially noticed").

Both **Kittleberger** and **Kaufman** are distinguishable from this matter. In neither of those cases did the certificate of accuracy state that the testing station was approved by PennDOT. In addition, the trial court in those cases did not take judicial notice that the speed timing device or the testing station were approved by PennDOT. There is no dispute that the speedometer and testing station have been approved by PennDOT as established in the

Pennsylvania Bulletin. The Commonwealth sufficiently established these facts through both the certificate of accuracy and by virtue of the trial court taking judicial notice of the Pennsylvania Bulletin.

We thus find no error in the trial court's conclusion that the Commonwealth presented sufficient evidence to convict Appellant of speeding.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/8/2024