J-S21017-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| XIAO HONG LI | : | |
| | : | |
| Appellant | : | No. 216 EDA 2025 |

Appeal from the Judgment of Sentence Entered December 23, 2024
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s):  CP-46-SA-0000668-2024

BEFORE:   KUNSELMAN, J., KING, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY KING, J.:                    **FILED AUGUST 14, 2025**

Appellant, Xiao Hong Li, appeals from the judgment of sentence entered in the Montgomery County Court of Common Pleas, following her summary trial conviction for one count each of violating the maximum speed limit and careless driving.[1]  We affirm.

The relevant facts and procedural history of this case are as follows.  On September 21, 2024, Pennsylvania State Trooper Deepak Gupta was in a marked patrol car on Interstate 276 in Montgomery County, Pennsylvania.  He observed, with a radar device, a vehicle driving past him at 95 miles per hour ("mph").  The posted speed limit was 70 mph.  During Trooper Gupta's attempts to catch up to the vehicle, he reached a speed in excess of 120 mph.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 75 Pa.C.S.A. §§ 3362(a)(1.1) and 3714(a), respectively.

Using the speedometer in his patrol vehicle, he calculated that the other vehicle was travelling at 110 mph. Trooper Gupta activated his lights and observed the vehicle exit from the left lane of traffic onto the right shoulder of the roadway, without signaling a lane change. Subsequently, Trooper Gupta cited Appellant for speeding and careless driving.

Initially, Appellant pled guilty to the aforementioned offenses in magisterial district court. However, she subsequently filed a summary appeal to the trial court, which held a *de novo* summary trial on December 19, 2024. At trial, the Commonwealth presented the testimony of Trooper Gupta and admitted as an exhibit a Bureau of Motor Vehicle Certificate of Speedometer Accuracy for the vehicle he had been driving. The Commonwealth asked the trial court to take judicial notice of the Pennsylvania Bulletin regarding testing and accuracy of speedometers. The trial court overruled Appellant's hearsay objection and permitted the admission of the certificate, subject to any post-trial submissions from the parties regarding its admissibility.

At the conclusion of trial, Appellant moved for dismissal of the charges, arguing that the certificate was inadmissible hearsay, and the Commonwealth had not proven the company that tested the speedometer in Trooper Gupta's vehicle was approved by the Pennsylvania Department of Transportation ("PennDOT"). In response, the Commonwealth cited 54 Pa.B. 216, "Approved Speed-Timing Devices and Appointment of Maintenance and Calibration Stations." Appellant objected, arguing that the Commonwealth had already rested its case. The court took the matter under advisement so the parties

could provide post-hearing submissions. Following review, the court took judicial notice of the Pennsylvania Bulletin and convicted Appellant of both violations on December 23, 2024. That same day, the court imposed fines of $112.50 for the speeding offense and $25.00 for the careless driving offense.

On January 17, 2025, Appellant timely filed a notice of appeal. On January 23, 2025, the court ordered Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. Appellant timely complied on January 27, 2025.

On appeal, Appellant raises the following issue for review:

> 1. WHETHER THE TRIAL COURT ERRED IN CONVICTING [APPELLANT] OF VIOLATING SECTION 3362(a) OF THE PENNSYLVANIA VEHICLE CODE WHERE THE COMMONWEALTH FAILED TO SEEK PROPER JUDICIAL NOTICE OF THE APPROVAL OF THE TIMING DEVICE AND THE TESTING STATION AND WHERE THE TRIAL COURT FAILED TO TAKE JUDICIAL NOTICE *SUA SPONTE* OF THE APPROVAL OF THE TIMING DEVICE?

(Appellant's Brief at 4).[2]

In her sole issue on appeal, Appellant contends that the Commonwealth did not request that the court take judicial notice that the testing station and speed timing device were approved by PennDOT. Appellant argues that the court attempted to cure the defect by taking judicial notice of the facts *sua sponte*. Appellant complains that the court did not take adequate notice of the approval of the device itself but opined that the Pennsylvania Vehicle Code provided for the use of speed timing devices in general. Appellant concedes

_____

[2] Appellant presents no argument regarding her conviction for careless driving.

that the Motor Vehicle Code allows for the use of a speedometer to determine the speed of a vehicle, and that stations may test those speedometers, and that courts may take judicial notice of a fact at any stage of the proceeding. Nevertheless, Appellant asserts that the Commonwealth did not request the court to take judicial notice of the portion of the Pennsylvania Bulletin pertaining to the approval of the specific speed timing device used. According to Appellant, to prove that a **particular** speed timing device has been approved by PennDOT, judicial notice may only be taken as long as the approval is published in the Pennsylvania Bulletin. Appellant concludes the evidence was insufficient to sustain her conviction for violating the maximum speed limit, and she is entitled to relief on these grounds. We disagree.

In reviewing a challenge to the sufficiency of the evidence, our standard of review is as follows:

> As a general matter, our standard of review of sufficiency claims requires that we evaluate the record in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Nevertheless, the Commonwealth need not establish guilt to a mathematical certainty. Any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.
>
> The Commonwealth may sustain its burden by means of wholly circumstantial evidence. Accordingly, the fact that the evidence establishing a defendant's participation in a crime is circumstantial does not preclude a conviction where

the evidence coupled with the reasonable inferences drawn therefrom overcomes the presumption of innocence. Significantly, we may not substitute our judgment for that of the fact finder; thus, so long as the evidence adduced, accepted in the light most favorable to the Commonwealth, demonstrates the respective elements of a defendant's crimes beyond a reasonable doubt, the appellant's convictions will be upheld.

**Commonwealth v. Sebolka**, 205 A.3d 329, 336-37 (Pa.Super. 2019) (quoting **Commonwealth v. Franklin**, 69 A.3d 719, 722-23 (Pa.Super. 2013)).

This Court has recently explained:

To sustain a conviction for speeding, the Commonwealth must show beyond a reasonable doubt that: (1) an accused was driving in excess of the speed limit; (2) the speed timing device used by the officer was approved by the Department of Transportation; and (3) the device was calibrated and tested for accuracy within the prescribed time period by a station which has been approved by the department. 75 Pa.C.S. § 3362(a) and § 3368(a)-(e)[.]

**Commonwealth v. Pollick**, 314 A.3d 882, 887 (Pa.Super. 2024), *appeal denied*, ___ Pa. ___, 331 A.3d 518 (2024) (quoting **Commonwealth v. Kaufman**, 849 A.2d 1258, 1259 (Pa.Super. 2004) (citation omitted).

With regard to speed timing devices, the Motor Vehicle Code provides, in relevant part:

**§ 3368. Speed timing devices**

**(a) Speedometers authorized.—**The rate of speed of any vehicle may be timed on any highway by a police officer using a motor vehicle equipped with a speedometer. In ascertaining the speed of a vehicle by the use of a speedometer, the speed shall be timed for a distance of not less than three-tenths of a mile.

> **(b) Testing of speedometers.—**The department may appoint stations for testing speedometers and may prescribe regulations as to the manner in which the test shall be made. Speedometers shall have been tested for accuracy within a period of one year prior to the alleged violation and immediately upon change of tire size. A certificate from the station showing that the test was made, the date of the test and the degree of accuracy of the speedometer shall be competent and *prima facie* evidence of those facts in every proceeding in which a violation of this title is charged.

75 Pa.C.S.A. § 3368. To prove that a particular speed timing device and testing station have been approved by PennDOT, the Commonwealth may request the trial court to take judicial notice of these facts, provided that the approvals are published in the Pennsylvania Bulletin. ***See Commonwealth v. Kittelberger***, 616 A.2d 1, 3 (Pa.Super. 1992).

Pennsylvania Rule of Evidence 201 permits trial courts to take judicial notice *sua sponte* at any point in a proceeding. ***See*** Pa.R.E. 201(c)(1), (d). Additionally, "the contents of the [Pennsylvania] code, of the permanent supplements thereto, and of the bulletin, shall be judicially noticed." 45 Pa.C.S.A. § 506.

In ***Commonwealth v. Reovan***, No. 2914 EDA 2023 (Pa.Super. filed Oct. 8, 2024),[3] the Commonwealth introduced a certificate of Speedometer Accuracy, "which confirmed that 'RABOLD'S SERVICES has been designated as official Speedometer Testing Station No. S-67 by the SECRETARY OF TRANSPORTATION' and verified that the speedometer of [the trooper's] patrol

_____

[3] ***See*** Pa.R.A.P. 126(b) (explaining that we may rely on non-precedential decisions of Superior Court filed after May 1, 2019 for persuasive value).

vehicle was tested for accuracy in accordance with 75 Pa.C.S. § 3368(b)." ***Reovan, supra*** at 2. In its Rule 1925(a) opinion, the trial court explained that "although the Commonwealth did not seek judicial notice of the fact that the testing station and speedometer were approved by PennDOT, [the court] *sua sponte* took judicial notice of these facts as they appear in the Pennsylvania Bulletin." ***See id.*** at 6. On appeal, this Court affirmed, holding that the evidence was sufficient to support the conviction where there was no dispute that the speedometer and testing station were approved by PennDOT as established in the Pennsylvania Bulletin, and where the Commonwealth established these facts through 1) the certificate of accuracy and 2) the trial court taking judicial notice of the Pennsylvania Bulletin. ***See id.*** at 6-7.

Instantly, the Commonwealth introduced a certificate of accuracy which confirmed that Rabold's Services has been designated as official Speedometer Testing Station No. S-67 by the Secretary of Transportation, and that Trooper Gupta's patrol vehicle had been tested for accuracy in accordance with the Vehicle Code, Section 3368(b). (***See*** N.T. Trial, 12/19/24, at 12, Ex. C-1). In its opinion, the trial court explained that it had taken judicial notice of the Pennsylvania Bulletin, and that it further recognized the use of a speedometer as an approved testing device as it "would make little sense for the Pennsylvania Bulletin to identify testing stations appointed by PennDOT to certify speedometers for use under § 3368 were speedometers not an approved timing device." (***See*** Trial Court Opinion, 2/24/25, at 6). On this record, where the Commonwealth introduced the certificate of accuracy for

Trooper Gupta's patrol vehicle and speedometer, and the trial court took judicial notice of the Pennsylvania Bulletin, the evidence was sufficient to support the conviction. **See Pollick, supra**; **Kittelberger, supra**; **Reovan, supra**. Accordingly, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 8/14/2025