J-S02040-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| ROBERT J. MCBREARTY | |
| Appellant | No. 1416 EDA 2017 |

Appeal from the PCRA Order April 4, 2017
In the Court of Common Pleas of Bucks County
Criminal Division at No(s): CP-09-CR-0001058-2010

BEFORE:  BOWES, J., NICHOLS, J., and RANSOM, J.*

MEMORANDUM BY RANSOM, J.:                    **FILED JUNE 26, 2018**

Appellant, Robert J. McBrearty, appeals from the order entered April 4, 2017, denying his petition for collateral relief filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

The PCRA court summarized the facts of this case as follows:

> To briefly recap, a number of incidents involving arson occurred in and around the borough of Doylestown, Bucks County, in the fall of 2009.  When [Appellant] reported to his parole officer on December 21, 2009 for an unrelated matter, he agreed to be interviewed by Detective Carlen from the Doylestown Borough Police Department about those arson incidents.  Although he initially denied any involvement, [Appellant] eventually admitted that he had set some of the fires.  He was subsequently charged with one count of arson – endangering property, two counts of reckless burning or exploding, two counts of recklessly

---

* Retired Senior Judge Assigned to the Superior Court.

endangering another person, and two counts of criminal mischief.[1]

On April 16, 2010, [Appellant]'s trial counsel, Timothy Woodward, Esquire, filed a pre-trial motion to suppress the statements he made to Detective Carlen. After a suppression hearing was held on September 3, 2010, and oral argument was heard on October 15, 2010, this court issued written findings of fact and an order on December 23, 2010, denying the motion to suppress. Following a stipulated non-jury trial on February 1, 2011, this court found [Appellant] guilty of the charges, and on April 28, 2011, [Appellant] was sentenced on the count of arson to four to eight years' incarceration and to a consecutive term of seven years of probation on one of the reckless burning counts. [Appellant] was also ordered to pay $911,943.82 in restitution.

**See** PCRA Court Opinion (PCO), 7/20/17, at 1-3 (unnecessary capitalization omitted).

Appellant appealed his judgment of sentence, arguing that the court erred in denying his motion to suppress because his statement had been made without his being advised of his **Miranda**[2] rights, and had been made due to police coercion and inducement. **See Commonwealth v. McBrearty**, 55 A.3d 141, *1-4 (Pa. Super. 2012) (unpublished memorandum). This Court affirmed his judgment of sentence, finding that Appellant did not actually argue on appeal that his statements should be suppressed due to the lack of **Miranda** warnings, but instead contended that the statements were the product of coercion. **Id.** at 7. Appellant never asserted on appeal that he was subject to a custodial interrogation. **Id.** Appellant did not seek allocatur.

---

[1] **See** 18 Pa.C.S. §§ 3301(c)(2), 3301(d)(1), 2705, and 3304(a)(1), respectively.

[2] **See Miranda v. Arizona**, 86 S. Ct. 1602 (1966).

In August 2013, Appellant *pro se* timely filed a PCRA petition. Counsel was appointed and in May 2014 filed an amended petition alleging several claims of ineffective assistance of counsel. PCRA hearings were held May 9-10, 2016, and December 8, 2016. On April 4, 2017, the court dismissed Appellant's petition.

Appellant timely appealed and filed a court-ordered Pa.R.A.P. 1925(b) statement of errors complained of on appeal. The PCRA court issued a responsive opinion.

On appeal, Appellant raises the following issues for our review:

A. Was [*sic*] trial and appellate counsel ineffective individually and collectively in:

> 1. Raising, preserving, and litigating alternative, constitutional grounds for suppressing Appellant's alleged statement;
>
> 2. Failing to raise, prepare, litigate, and preserve Appellant's substantive due process rights to present a meaningful defense;
>
> 3. Failing to confront the evidence against him; and
>
> 4. Failing to file and seek post-sentence relief and appellate review on direct appeal?

Appellant's Brief at 4.

Initially, we note that Appellant's statement of questions does not correspond to the arguments as presented in his brief. He lists four questions presented but discusses seven. **See** Appellant's Brief at 4, 26-30. No statement will be considered unless it is stated in the statement of questions

- 3 -

involved or is fairly suggested thereby. *See Commonwealth v. Kittelberger*, 616 A.2d 1, 3 n.6 (Pa. Super. 1992); Pa.R.A.P. 2116(a). Accordingly, insofar as Appellant raises arguments not included in his statement of questions, we will consider them waived for purpose of appeal.[3]

We review an order denying a petition under the PCRA to determine whether the findings of the PCRA court are supported by the evidence of record and free of legal error. *Commonwealth v. Ragan*, 923 A.2d 1169, 1170 (Pa. 2007). We afford the court's findings deference unless there is no support for them in the certified record. *Commonwealth v. Brown*, 48 A.3d 1275, 1277 (Pa. Super. 2012) (citing *Commonwealth v. Anderson*, 995 A.2d 1184, 1189 (Pa. Super. 2010)).

All of Appellant's issues involve the ineffective assistance of counsel. We presume counsel is effective. *Commonwealth v. Washington*, 927 A.2d 586, 594 (Pa. 2007). To overcome this presumption and establish the ineffective assistance of counsel, a PCRA petitioner must prove, by a preponderance of the evidence: "(1) the underlying legal issue has arguable merit; (2) that counsel's actions lacked an objective reasonable basis; and (3) actual prejudice befell the petitioner from counsel's act or omission."

---

[3] Thus, Appellant has waived the following claims: 1) that counsel was ineffective for failing to present "the strong of cases which establish that Appellant was in custody thereby requiring *Miranda* waiver and scrupulously honoring of [sic] any request for counsel;" 2) that counsel was ineffective for denying Appellant's right to a jury trial, present a defense and additional evidence, ask for a finding of voluntariness from the jury, etc.; 3) a cumulative ineffectiveness claim. *See* Appellant's Brief at 21, 24, 29.

*Commonwealth v. Johnson*, 966 A.2d 523, 533 (Pa. 2009) (citations omitted). "A petitioner establishes prejudice when he demonstrates that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* A claim will be denied if the petitioner fails to meet any one of these requirements. *Commonwealth v. Springer*, 961 A.2d 1262, 1267 (Pa. Super. 2008) (citing *Commonwealth v. Natividad*, 938 A.2d 310, 322 (Pa. 2007)); *Commonwealth v. Jones*, 942 A.2d 903, 906 (Pa. Super. 2008).

First, Appellant contends that counsel was ineffective for failing to properly preserve constitutional suppression issues. *See* Appellant's Brief at 16. Appellant avers that counsel's inaction waived any appellate review of potential Fifth or Sixth Amendment violations, but does not identify the violations in detail, point to the place in the record where they may be found, or expand upon any case law to support his argument beyond a general assertion that the failure to preserve constitutional issues is actionable under the PCRA. *See* Appellant's Brief at 16-17.

Further, Appellant does not cite to or elaborate anything further regarding the three prongs of the ineffectiveness test. *See* Appellant's Brief at 15-16. Accordingly, we find Appellant's argument waived due to his failure to conform to the rules of appellate procedure. *See Commonwealth v. Buterbaugh*, 91 A.3d 1247, 1262 (Pa. Super. 2014) (*en banc*) (failure to conform to the Rules of Appellate Procedure results in waiver of the underlying issue); *see also* Pa.R.A.P. 2119(a), (b) (requiring a properly developed

- 5 -

argument for each question presented including a discussion of and citation to authorities in appellate brief).

Next, Appellant claims that counsel was ineffective for failing to properly investigate, prepare for, and litigate the trial. *See* Appellant's Brief at 17. The specific allegations presented are that counsel: 1) did not provide Appellant with a copy of discovery; 2) did not seek various records, including Appellant's mental health treatment, special education, correctional facility records, and Children's Hospital of Philadelphia records; 3) retained a mental health expert, but did not have the expert testify regarding the voluntariness of Appellant's statement; 4) did not prepare for trial; and 5) did not prepare Appellant to testify. *See* Appellant's Brief at 17-20.

Beyond citing boilerplate case law at the outset of his argument, Appellant makes no effort to support his individual claims. *Id.* Appellant notes that counsel has a duty to undertake reasonable investigations to make reasonable decisions, and that post-conviction relief may be granted where counsel does not investigate and present mental health evidence. *Id.* at 17. However, with regard to his specific claims, he offers no case law in support of them. Accordingly, Appellant has waived this claim due to his failure to develop his argument. *See Buterbaugh*, 91 A.3d at 1262; *see also* Pa.R.A.P. 2119(a), (b).

Next, Appellant claims that trial and appellate counsel were ineffective for failing to file post-sentence motions and challenge the discretionary aspects of his sentence. *See* Appellant's Brief at 26. Appellant cites to no

case law in support of his argument. Accordingly, Appellant has waived this claim due to his failure to develop his argument. *See Buterbaugh*, 91 A.3d at 1262; *see also* Pa.R.A.P. 2119(a), (b).

Finally, we note that Appellant raised, in his statement of questions, a claim that counsel was ineffective due to his failure to confront the evidence against Appellant. *See* Appellant's Brief at 4. This issue appears nowhere in the brief. Accordingly, Appellant has waived this claim due to his failure to develop his argument. *See Buterbaugh*, 91 A.3d at 1262; *see also* Pa.R.A.P. 2119(a), (b).

Order affirmed. Jurisdiction relinquished.

Judge Bowes files a Concurring Memorandum in which Judge Nichols Concurs in the Result.

Judge Nichols Concurs in the Result of this Memorandum.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>6/26/18</u>